

DEC 1 2005

(Rev. 5/05)

U.S DISTRICT COURT
DISTRICT OF DELAWARE

**FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983**

**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

(1) GEORGE A. JACKSON #171250
    (Name of Plaintiff)      (Inmate Number)
    Sussex Correctional Institution
    P.O. Box 500
    Georgetown, DE  19947
           (Complete Address with zip code)
    Indivually and on Behalf of All Others
    Similarly Situated at the Main Kitchen Unit
(2) at the Sussex Correctional Institution.
    (Name of Plaintiff)      (Inmate Number)

*Additional Plaintiffs* (next page)

_____
           (Complete Address with zip code)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

                          vs.
    STANLEY TAYLOR, Individually and in His
(1) Official Capacity as Commissioner of
    Department of Corrections, JOYCE TALLEY;
(2) Individually and in Her Official Capacity
    as Bureau Chief of Management Services,
(3) TONY FIGARIO, Individually and in His −
           (Names of Defendants)  (see attached page)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

0 5 - 8 2 3

(Case Number)
( to be assigned by U.S. District Court)

## CIVIL COMPLAINT

(CLASS ACTION)

• • Jury Trial Requested

I.  **PREVIOUS LAWSUITS**

   A.   If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

        JACKSON v. IVENS, et. al  C.A. No. 01-559-KAJ/ filed 2001
        _____
        _____
        _____
        _____
        _____

```
DARUS YOUNG#282852-CHARLES BLIZZARD#166670-FRANK WILLIAMS#261867
ROY WILLIAMSON#291856-ANTHONY MORRIS#300363-CARL WALKER#173378
SAMUEL JONES#-DARWIN SAVAGE#232561-ADRAIN WRIGHT#16992-JAMES WILSON#163663
GILBERT WILLIAMS#137575-CHARLES SANDERS#160428-JOSEPH WHITE#082985
TIMOTHY MALLOY#171278-HOWARD PARKER#165324-KEVIN SPIVEY#258693
WILLIAM TURNAGE#159018-PAXTON FOREMAN#179665-JAMES JOHNSON#155123
RODERICK BROWN#315954-ROGER THOMAS#292590-LAWRENCE DICKENS#124570
DANNY QUILLEN#-ELDON POTTS#211193-JEROME GREEN#-RIQUE REYNOLDS#266486
VERNON TRUITT#-JERRY WESTON#329478-KASHAWN WESTON#264279, and JOSE
SERPA#350322,

ADRESS:      Sussex Correctional Institution
             P.O. Box 500
             Georgetown, Delaware

                                        Plaintiffs

        v.


Official Capacity as Chief of Inspection/Security,
CARL ANSON, Individually and in His Official Capacity
as Chief of Maintenance at Sussex Correctional
Institution and DELAWARE DEPARTMENT OF CORRECTIONS.

                                        Defendants
```

II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A. Is there a prisoner grievance procedure available at your present institution?  XX Yes  ··No

B. Have you fully exhausted your available administrative remedies regarding each of your present claims?  XX Yes  ··No

C. If your answer to "B" is Yes:

1. What steps did you take?  File grievance on 7/19/ 2005

2. What was the result?  October 11, 2005 I received the final review of exhaustive claim. "We uphold yuor appeal request."

D. If your answer to "B" is No, explain why not: _____

III. DEFENDANTS (in order listed on the caption)

(1) Name of first defendant:  STANLEY TAYLOR

Employed as COMMISSIONER at DELAWARE DEPARTMENT OF CORRECTIONS

Mailing address with zip code:  245 McKee Road, Dover, Delaware 19904

(2) Name of second defendant:  JOYCE TALLEY

Employed as BUREAU CHIEF OF Management Services at DELAWARE DEPARTMENT OF CORRECTIONS

Mailing address with zip code:  245 McKee Road, Dover, Delaware 19904

(3) Name of third defendant:  TONY FIGARIO

Employed as CHIEF OF Inspections/Security at DELAWARE DEPARTMENT OF CORRECTIONS

Mailing address with zip code:  245 McKee Road, Dover, Delaware 19904

(List any additional defendants, their employment, and addresses with zip codes, on extra sheets if necessary)

*Cont.. next page)

2

Cont...

CARL ANSON

Employed as : Chief of Maintenance   at: Sussex Correctional Institution

Route 113, Georgetown, Delaware  19947

DELAWARE DEPARTMENT OF CORRECTIONS, is the entity responsible for the maintenance and operation at the Sussex Correctional Institution.

at: 245 McKee Road, Dover, Delaware 19904

Case 1:05-cv-00823-SLR-LPS   Document 2   Filed 12/01/2005   Page 4 of 8

## IV. STATEMENT OF CLAIM

(State as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets of paper if necessary.)

1. This is a class action by the Plaintiffs and on behalf all individuals that have been committe to the custody of the Commissioner of the Delaware Department of Corrections(DDOC), who have been, are now or in the future will be classified to work at the Main Kitchen Unit at Sussex Correctional Institution(SCI), Georgetown, Delaware 19947

### A. Physical Plant

2. The main Kitchen Unit at SCI is operates with two different sections joined together. On information and belief, one section ("old-side") was built between the years of 1960 thru 1970. The second section ("new-side")was built between 1997 thru 1998. Both sides are install with commericial cooking equipment design with exhaustion ventilation systems to eliminate excessive heat, gases, vapors fumes and high humidity at the work place. The "old-side" exhaust ventilation system is old, outdated, and poorly maintained. In fact, has not work since 1997.

### B. Inadequate Ventilation

3. Well before the filing of the Complaint in this action, inadequate ventilation and air flow persistently exist in the "old-side" area, dishwasher room, bathroom, and breakroom area, resulting in excessive heat, and extreme humidity with the effect of creating unsanitary conditions and a safety hazard for class members working or had worked in the kitchen area, thereby facilitating personal discomfort and sanitation problems. The conditions described above, subject class members to confinement under harmful conditions that represents imminent dangers to the health and well-being of the inmates and over/time correctional officers consuming food from the operation, especially during the summer months. In addition, sanitation deficiencies are compounded by floor fans used to circulate the air cause dust and lint to be blown over the food preparation and dishwashing areas. Rodents and insect infestation is extensive. The cumulative impact of these serious deficiencies has resulted in contaminated food being sent out to the prison population.

(continue next page)

## V. RELIEF

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, request that this Court:

a) Assume jurisdiction of this action;

b) Issue an order certifying this action to proceed as a class pursuant to Rule 23(a) and(b)(2) of the Federal Rules of Civil Procedure;

c) Issue a declaratory judgment pursuant to 28 U.S.C. §2201 and Rule

Defendants Taylor, Talley, Figario and Anson have failed to initiate maintain such programs to ensure a safety and healthy working conditions for class members at the SCI Kitchen Unit. Defendants have fail to established and supervise programs for the education and training of food service correctional officers in the recognition, avoidance and prevention of a unsanitary, hazardous or unsafe condition at the SCI Main Kitchen Unit.

The consequences of failing to adequately train food service correctional officers on the recognition, avoidance and prevention, along with how to respond appropriately to a condition that is grossly inadequate, allowed the unsanitary food service environment to remain at the SCI Main Kitchen Unit since since 1997. Defendants observed the bad condition, knew or should have known that it existed, but failed to correct the bad condition despite years of routine inspections and complaints.

## DELIBERATE INDIFFERENCE TO PRISONER'S CONDITION

Defendants fail to provide Plaintiffs and class members with the basic necessities of life, including a healthy habilitative environment, personal safety, food and health care.

Defendants have not taken action to remedy these conditions. Defendants' conduct and failure to provide prisoners with basic necessities, despite their knowledge of a substantial risk of serious harm, constitute deliberate indifference. The ill-effect of each deprivation are excerbated or caused by related conditions, inadequate ventilation and air flow. The resulting conditions at the SCI Main Kitchen Unit, taken as an whole, are incompatible with contemporary standards of decency, cause unnecessary pain, and are not reasonably related to any legitimate acts and omissions evidence and constitutes deliberate indifference to the rights of sentenced prisoners and violate Cruel and Unusual Punishment clause of the Eighth Amendment to the United States Constitution.

## NO ADEQUATE REMEDY AT LAW

As a proximate result of Defendants' polices, practices, acts and omissions, Plaintiff and class members have suffered, do suffer and will continue to suffer immediate and irreparable injury, including physical, psychological and emotional injury. Plaintiff and class members have no plain, adequate or complete remedy at law to redress the wrongs described herein. Injunctive relief sought by Plaintiff and class members is necessary to prevent continued and further injury.

2. 57 of the Federal Rules of Civil Procedure, that the policies, practices, acts and omissions complained of violate Plaintiffs' rights;

d) Issue preliminary and permanent injunctive relief sufficient to rectify the unconstitutional and unlawful acts, policies, practices and conditions complained of herein;

e) Retain jurisdiction over Defendants until such time as the Court

3. is satisfied that their unlawful policies, practices, acts and omissions complained of herein no longer exist and will not recur:

f) Award damages to the Plaintiffs in an amount in excess of $100,000;

g) Award Plaintiff's reasonable attorneys' fee pursuant to 42 U.S.C. §1988, and costs of this action;

h) Award such other further relief as to this court seems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 22nd day of November, 2005.

_George Jackson_ 171250
(Signature of Plaintiff 1)

_Darus Young_ 282852
(Signature of Plaintiff 2)

_Charles F. Blizzard_ 166670
(Signature of Plaintiff 3)

4



I/M: GEORGE A. JACKSON
SUSSEX CORRE[CTIONAL]
P.O. BOX 500
GEORGETOWN,

Clerk
U.S. District Court
Lockbox 18
844 N. King Street
Wilmington, DE 19801