IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GEORGE A. JACKSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. No. 05-823-KAJ |
| | ) |
| STANLEY TAYLOR, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff James A. Wilson, ("Wilson"), SBI #163663, an inmate at Sussex Correctional Institute, is one of 31 plaintiffs who filed this action alleging violations of their constitutional rights. Wilson proceeds *pro se* and has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 38).

Under 28 U.S.C. § 1915(g), a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he or she has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this is if the prisoner is in imminent danger of serious physical injury. A prisoner who is not proceeding *in forma pauperis* may file a new civil action or appeal even if that prisoner has three or more dismissals of the sort described in 28 U.S.C. 1915(g).

Regardless of whether a prisoner proceeds *in forma pauperis* in a civil case, if at any time the prisoner's case is dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted, the dismissal will count against the prisoner

for purposes of the three-dismissal rule in 28 U.S.C. § 1915(g). In *Keener v. Pennsylvania Bd. of Probation & Parole*, 128 F.3d 143 (3d Cir. 1997), the Court held that a dismissal of a case as frivolous prior to the Prisoner Litigation Reform Act's enactment counts towards the "three strikes" rule.

Wilson, while incarcerated, has filed more than three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted, as follows: *Wilson v. McKeown*, Civ. No. 00-378-GMS (D. Del. July 24, 2003); *Wilson v. Holman*, Civ. No. 89-035-JJF (D.Del Apr. 24, 1989); *Wilson v. Redman*, Civ. No. 85-477-MMS (D.Del. Dec. 13, 1985); *Wilson v. Redman*, Civ. No. 85-275-JLL (D.Del. June 11, 1985); *Wilson v. Redman*, Civ. No. 84-212-JLL (D. Del. Oct. 22, 1984). Hence, Wilson may not file another civil action *in forma pauperis* while incarcerated unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The complaint does not meet that standard.

Wilson's motion for leave to proceed *in forma pauperis* (D.I. 38) is denied. However, Wilson is given thirty (30) days from the date of this order to pay the $250.00 filing fee. If Wilson does not pay the filing fee within that time, he shall be dismissed as a plaintiff pursuant to 28 U.S.C. § 1915(g).

DATED: 1/13/06

United States District Judge