IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GEORGE A. JACKSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 05-823 KAJ |
| | ) |
| STANLEY TAYLOR, JOYCE TALLEY, | ) |
| TONY FIGARIO, CARL ANSON, and | ) |
| DELAWARE DEPARTMENT OF | ) |
| CORRECTION, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Plaintiffs, inmates at the Sussex Correctional Institute ("SCI") filed this civil rights action pursuant to 42 U.S.C. §1983. They appear *pro se* and were granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 74.) I now proceed to review and screen the complaint pursuant to 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and 42 U.S.C. § 1997e.

For the reasons discussed below, I am dismissing the respondeat superior claims against defendants Stanley Taylor ("Taylor"), Joyce Talley ("Talley"), Tony Figario ("Figario"), and Carl Anson ("Anson"), as well as the claims against the Delaware Department of Correction ("DDOC"), pursuant to 28 U.S.C. §1915(e)(2)(B), 28 U.S.C. § 1915A(b)(1), and 42 U.S.C. § 1997e(c), as those claims fail to state any claim upon which relief may be granted.

**I.  THE COMPLAINT**

Plaintiffs seek class status and bring this action on behalf of all individuals who have been committed to the custody of the DDOC and who have been, are now, or in

the future will be, classified to work at the main kitchen unit at SCI. Plaintiffs allege that the SCI kitchen has two ventilation systems, the "old-side" system and the "new-side" system.

Plaintiffs allege that the "old-side" system has not worked since 1997. They allege that there is inadequate ventilation and air flow which results in excessive heat and extreme humidity and, in turn, this causes a safety hazard to those who consume food from the kitchen operation, especially during the summer months. Plaintiffs allege that the condition is compounded by the use of floor fans which cause dust and lint to be blown over the food preparation and dishwashing areas. Finally, plaintiffs allege that there is extensive rodent and insect infestation. Plaintiffs allege that the foregoing has resulted in contaminated food being disbursed to the prison population.

Plaintiffs allege that Taylor, Talley, Figario, and Anson have failed to initiate and maintain programs to ensure safe and healthy working conditions in the SCI kitchen unit. Plaintiffs further allege that defendants failed to establish and supervise programs in the education and training of food service. Plaintiffs allege that defendants knew or should have known of the "bad conditions" in the kitchen, but failed to correct the conditions. Plaintiffs also allege that defendants were deliberately indifferent and failed to take action to remedy the unsafe conditions.

Plaintiffs allege that as a result of the defendants' acts and omissions, they have suffered physical, psychological, and emotional injury. Plaintiffs seek class certification, injunctive and declaratory relief, and compensatory damages.

## II.     STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action or when a prisoner challenges prison conditions, 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c)(1) provide for screening of the complaint by the court. These three statutes provide that the court may dismiss a complaint at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a *pro se* complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### III.   ANALYSIS

#### A.   Eleventh Amendment Immunity

Defendant DDOC is an agency of the State of Delaware. As relief, plaintiffs seek from the DDOC compensatory damages and injunctive relief. The Eleventh Amendment shields states from suits by individuals absent their consent. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Ospina v. Department of Corr.*, 749 F.Supp. 572, 579 (D.Del. 1990). Hence, as an agency of the State of Delaware, the DDOC is entitled to immunity under the Eleventh Amendment. *See e.g. Evans v. Ford*, C.A. No. 03-868-KAJ, 2004 WL 2009362, *4 (D.Del. Aug. 25, 2004) (dismissing claim against DDOC, because DDOC is state agency and DDOC did not waive Eleventh Amendment immunity).

Consequently, plaintiffs' claims against the DDOC have no arguable basis in law or in fact. They are, therefore, frivolous and are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1).

#### B.   Personal Involvement/Respondeat Superior

Plaintiffs make various allegations against defendants Taylor, Talley, Figario, and Anson – some of them based upon their alleged failure to supervise others. As is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "'A[n individual government] defendant in a civil

rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement can be shown through allegations that a defendant directed, had actual knowledge of, or acquiesced in, the deprivation of a plaintiff's constitutional rights. *Id.; see Monell v. Department of Social Services* 436 U.S. 658, 694-95 (1978). While vicarious liability is not available, supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or if the supervisor's actions and inactions were "the moving force" behind the harm suffered by the plaintiff. *Sample v. Diecks,* 885 F.2d 1099, 1117-118 (3d Cir. 1989); *see also City of Canton v. Harris*, 489 U.S. 378 (1989); *Heggenmiller v. Edna Mahan Corr. Inst. for Women*, No. 04-1786, 128 Fed.Appx. 240 (3d. Cir. 2005).

Accordingly, to the extent that plaintiffs bring claims against Taylor, Talley, Figario, and Anson under the doctrine of respondeat superior, I am dismissing those claims without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1), for failure to state a claim upon which relief may be granted.

## IV.   CONCLUSION

IT IS THEREFORE ORDERED as follows:

1.   The respondeat superior claims against defendants Stanley Taylor, Joyce Talley, Tony Figario, and Carl Anson are DISMISSED without prejudice pursuant to 28

U.S.C. §1915(e)(2)(B), 28 U.S.C. § 1915A(b)(1), and 42 U.S.C. 1997e(c), as those claims fail to state any claim upon which relief may be granted.

    2.    The Delaware Department of Correction is DISMISSED without prejudice pursuant to 28 U.S.C. §1915(e)(2)(B), 28 U.S.C. § 1915A(b)(1), and 42 U.S.C. § 1997e(3), for failure to state a claim upon which relief may be granted.

    3.    Plaintiffs have raised what appear at this point to be a cognizable Eighth Amendment condition of confinement claim on the basis of policy or custom, against Stanley Taylor, Joyce Talley, Tony Figario, and Carl Anson, and they are allowed to PROCEED with said claims.

IT IS FURTHER ORDERED that:

    1.    The clerk of the court shall cause a copy of this order to be mailed to the plaintiffs.

    2.    Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiffs shall complete and return to the Clerk of the Court an **original** "U.S. Marshal-285" form for **the remaining defendants** (i.e., Stanley Taylor, Joyce Talley, Tony Figario, and Carl Anson), as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). Additionally, plaintiffs shall provide the Court with a copy of the complaint (D.I. 2) for service upon the remaining defendants. **Plaintiffs are notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the Clerk of the Court. Failure to provide the "U.S. Marshal 285" forms for each remaining defendant and the attorney general within 120 days of**

**this order may result in the complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3. Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint (D.I. 2), the February 28, 2006 order (D.I. 71), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon each of the defendants so identified in each 285 form.

4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7.     **NOTE:** *** When an amended complaint is filed prior to service, the Court will **VACATE** all previous Service Orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

8.     **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

                                         _____
                                         UNITED STATES DISTRICT JUDGE

May 12, 2006
Wilmington, Delaware