(Rev. 5/05)

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

(1) GEORGE A. JACKSON #171250
(Name of Plaintiff)      (Inmate Number)
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947
(Complete Address with zip code)
Individually and on Behalf of All Others
Similarly Situated at the Main Kitchen Unit
(2) at the Sussex Correctional Institution.
(Name of Plaintiff)      (Inmate Number)

*Additional Plaintiffs* (next page)

(Complete Address with zip code)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

vs.
STANLEY TAYLOR, Individually and in His
(1) Official Capacity as Commissioner of
Department of Corrections, JOYCE TALLEY;
(2) Individually and in Her Official Capacity
as Bureau Chief of Management Services,
(3) TONY FIGARIO, Individually and in His -
(Names of Defendants) (see attached page)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

: Civil Action No. 05-823 KAJ
: (Case Number)
: ( to be assigned by U.S. District Court)

"AMENDED"

CIVIL COMPLAINT
(CLASS ACTION)

Scanned- BO 9/12/06
• • Jury Trial Requested

FILED
SEP 1 2 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

I.   PREVIOUS LAWSUITS

A.   If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number
     including year, as well as the name of the judicial officer to whom it was assigned:
     JACKSON v. IVENS, et. al   C.A. No. 01-559-KAJ/ filed 2001

DARUS YOUNG#282852-CHARLES BLIZZARD#166670-FRANK WILLIAMS#261867
ROY WILLIAMSON#291856-ANTHONY MORRIS#300363-CARL WALKER#173378
SAMUEL JONES#-DARWIN SAVAGE#232561-ADRAIN WRIGHT#16992-JAMES WILSON#163(
GILBERT WILLIAMS#137575-CHARLES SANDERS#160428-JOSEPH WHITE#082985
TIMOTHY MALLOY#171278-HOWARD PARKER#165324-KEVIN SPIVEY#258693
WILLIAM TURNAGE#159018-PAXTON FOREMAN#179665-JAMES JOHNSON#155123
RODERICK BROWN#315954-ROGER THOMAS#292590-LAWRENCE DICKENS#124570
DANNY QUILLEN#-ELDON POTTS#211193-JEROME GREEN#-RIQUE REYNOLDS#266486
VERNON TRUITT#-JERRY WESTON#329478-KASHAWN WESTON#264279, and JOSE,
SERPA#350322, *AMENDED* JOHN DAVIS#263753

ADRESS:       Sussex Correctional Institution
              P.O. Box 500
              Georgetown, Delaware

                                                  Plaintiffs

              v.

Official Capacity as Chief of Inspection/Security,
CARL ANSON, Individually and in His Official Capacity
as Chief of Maintenance at Sussex Correctional
Institution and DELAWARE DEPARTMENT OF CORRECTIONS.

                                                  Defendants

* AMENDED - DEFENDANTS

MICAHEL KNIGHT, Individually and in his Official Capacity as Correctional Food
Service Adminstrator, CHRIS SENATO, JOSEPH ATKINS, DEBBIE MELVIN, RICHARD COCKETT,
RICHARD MANUEL, JIM CATTS, DARRELL MULLINS, WENSTON WHITE, STEVEN RAYNOR, and
BETHANY EVANS, sued in their Individually Capacity as Food Service Employees at
the Sussex Correctional Main Kitchen, Georgetown, Delaware

II. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A. Is there a prisoner grievance procedure available at your present institution?  XX Yes  ・・No

B. Have you fully exhausted your available administrative remedies regarding each of your present claims?  xx Yes  ・・No

C. If your answer to "B" is <u>Yes</u>:

1. What steps did you take? File grievance on 7/19/ 2005

2. What was the result? October 11, 2005 I received the final review of exhaustive claim. "We uphold yuor appeal request."

D. If your answer to "B" is <u>No</u>, explain why not: _____

III. **DEFENDANTS** (in order listed on the caption)

(1) Name of first defendant: STANLEY TAYLOR

Employed as COMMISSIONER at DELAWARE DEPARTMENT OF CORRECTIONS

Mailing address with zip code: 245 McKee Road, Dover, Delaware 19904

(2) Name of second defendant: JOYCE TALLEY

Employed as BUREAU CHIEF OF Management Services at DELAWARE DEPARTMENT OF CORRECTIONS

Mailing address with zip code: 245 McKee Road, Dover, Delaware 19904

(3) Name of third defendant: TONY FIGARIO

Employed as CHIEF OF Inspections/Security at DELAWARE DEPARTMENT OF CORRECTIONS

Mailing address with zip code: 245 McKee Road, Dover, Delaware 19904

(List any additional defendants, their employment, and addresses with zip codes, on extra sheets if necessary)

2

*Cont.. next page)

Cont...

CARL ANSON

Employed as : Chief of Maintenance    at: Sussex Correctional Institution
Route 113, Georgetown, Delaware  19947

DELAWARE DEPARTMENT OF CORRECTIONS, is the entity responsible for the maintenance and operation at the Sussex Correctional Institution.
at: 245 McKee Road, Dover, Delaware 19904

AMENDED

MICHAEL KNIGHT

Employed as:  Correctional Food service Adminstrator

CHRIS SENATO, JOSEPH ATKINS, DEBBIE MELVIN, RICHARD CROCKETT, RICHARD MANUEL, ~~JIM CAPTS~~, DARRELL MULLINS, WENSTON WHITE, STEVEN RAYNOR, and BETHANY EVANS.

Employed as: Food Service employees   at:  Sussex Correctional Instituti
                                           Main kitchen unit

## IV. STATEMENT OF CLAIM

(State as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets of paper if necessary.)

1. This is a class action by the Plaintiffs and on behalf all individuals that have been committe to the custody of the Commissioner of the Delaware Department of Corrections(DDOC), who have been, are now or in the future will be classified to work at the Main Kitchen Unit at Sussex Correctional Institution(SCI), Georgetown, Delaware 19947

### A. Physical Plant

2. The main Kitchen Unit at SCI is operates with two different sections joined together. On information and belief, one section ("old-side") was built between the years of 1960 thru 1970. The second section ("new-side")was built between 1997 thru 1998. Both sides are install with commericial cooking equipment design with exhaustion ventilation systems to eliminate excessive heat, gases, vapors fumes and high humidity at the work place. The "old-side" exhaust ventilation system is old, outdated, and poorly maintained. In fact, has not work since 1997.

### B. Inadequate Ventilation

3. Well before the filing of the Complaint in this action, inadequate ventilation and air flow persistently exist in the "old-side" area, dishwasher room, bathroom, and breakroom area, resulting in excessive heat, and extreme humidity with the effect of creating unsanitary conditions and a safety hazard for class members working or had worked in the kitchen area, thereby facilitating personal discomfort and sanitation problems. The conditions described above, subject class members to confinement under harmful conditions that represents imminent dangers to the health and well-being of the inmates and over/time correctional officers consuming food from the operation, especially during the summer months. In addition, santitation deficiencies are compounded by floor fans used to circulate the air cause dust and lint to be blown over the food preparation and dishwashing areas. Rodents and insect infestation is extensive. The cumulative impact of these serious deficiencies has resulted in contaminated food being sent out to the prison population.

## V. RELIEF

(continue next page)

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, request that this Court:

a) Assume jurisdiction of this action;

b) Issue an order certifying this action to proceed as a class pursuant to Rule 23(a) and(b)(2) of the Federal Rules of Civil Procedure;

c) Issue a declaratory judgment pursuant to 28 U.S.C. §2201 and Rule

3

**\* - AMENDED**

    4. Inadequate ventilation at the SCI kitchen, has resulted in climate control being inadequate, often leading to extreme heat condition in the summer and extreme cold condition in the winter.

\*    5. Defendants Knight, Senato, Atkins, Melvin, Crockett, Manuel, White, Mullins, Raynor and Evans, has instructed and ordered the plaintiffs and other similary situated inmate kitchen workers not to wear DOC issued cold-weather clothing at the work place, while Defendants wore cold-weather clothing, thereby subjecting plaintiffs to work in extremely low temperatures during the winter months with inadequate clothing.

    6. Defendants fail to provide Plaintiffs with the basic necessities of life, including a healthy habilitative environment, personal safety, food and health care.

    7. The consequences of failing to adequately train food service correctional officers on the recognition, avoidance and prevention, along with how to respond appropriately to a condition that is grossly inadequate, allowed the unsanitary food service environment to remain at the SCI main Kitchen Unit since 1997.

## DELIBERATE INDIFFERENCE TO PRISONER'S CONDITION

    8. Defendants Taylor, Talley, Figario and Anson have failed to initate and maintain such programs to ensure a safety and healthy working conditions for Plaintiffs and similarly situated inmate kitchen workers at the SCI kitchen. Defendants have fail to established and supervise programs for the education and training of food service correctional officers in the recognition, avoidance and prevention of a unsanitary, hazardous or unsafe condition at the SCI Main Kitchen Unit.

\*    9. Defendants Knight, Senato, Atkins, Melvin, Crockett, Manuel, White, Mullins, Raynor and Evans, have all observed the unhealthy work conditions at SCI kitchen, knew or reasonably should have known that the kitchen's ventilation system was not only inadequate, but also unhealthy, but failed to remedy the problem.

    10. Defendants have not taken action to remedy these conditions. Defendants' conduct and failure to provide prisoners with basic necessities, despite their knowledge of a substantial risk of serious harm, constitute deliberate indifference. The ill-effect of each deprivation are excerbated or caused by related conditions, inadequate ventilation and air flow. The resulting conditions at the SCI kitchen, taken as an whole, are incompatible with contemporary standards of decency, cause unnecessary pain, and are not reasonably related to any legitimate acts and omission evidence and constitutes deliberate indifference to the rights of sentenced prisoners and violate Cruel and Unusual Punishment clause of the Eighth Amendment to the United States Constitution.

## NO ADEQUATE REMEDY AT LAW

    11. As a proximate result of Defendants' policies, practices, acts and omissions, Plaintiffs and similarly situated inmates have suffered, do suffered and will continue to suffer immediate and irreparable injury, including physical, psychological and emotional injury. Plaintiffs have no plain, adequate or complete remedy at law to redress the wrongs described herein. Injunctive relief sought by Plaintiffs and class members is necessary to prevent continued and further injury.

57 of the Federal Rules of Civil Procedure, that the polices,

2. practices, acts and omissions complained of violate Plaintiffs' rights;

d) Issue preliminary and permanent injunctive relief sufficient to rectify the unconstitutional and unlawful acts, policies, practices and conditions complained of herein;

e) Retain jurisdiction over Defendants until such time as the Court is satisfied that their unlawful policies, practices, acts and

3.

omissions complained of herein no longer exist and will not recur;

f) Award damages to the Plaintiffs in an amount in excess of $100,000;

g) Award Plaintiff's reasonable attorneys' fee pursuant to 42 U.S.C. §1988, and costs of this action;

h) Award such other firther relief as to this Court seems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 22ND day of May, 2006

George N. Jackson 171250
(Signature of Plaintiff 1)

Charles F. Blizzard - 166670
(Signature of Plaintiff 2)

Darius Young 282852
(Signature of Plaintiff 3)

4

contt.........

James Johnson 155123                        155

John Davis 263753

Kevin Spivey 258693

Samuel Jones 465297

Rillie Reynolds 266486


Joseph White 00082985

Adrian S. Wright 169921

Anthony Morris 300363

Roy Williamson 291856

Carl Walker - 00173378

Darwin Savage - 00232561

Timothy Malloy 00171278

Frank Williams 002618607

CERTIFICATE OF SERVICE

I, George A. Jackson, certifies that on September 5, 2006, he caused the attached AMENDED COMPLAINT to be delivered to the following person(s) in the form and manner indicated:

Department of Justice
Carl Schnee
Attorney General
Carvel State Office Building
820 North French Street, 6th Fl.
Wilmington, DE  19801
Attorney for Defendants



George A. Jackson#00171250
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE  19947

CERTIFICATE OF SERVICE

I, George A. Jackson, certifies that on September 5, 2006, he caused the attached AMENDED COMPLAINT to be delivered to the following person(s) in the form and manner indicated:

Department of Justice
Carl Danberg
Attorney General
Carvel State Office Building
820 North French Street, 6th Fl.
Wilmington, DE  19801
Attorney for Defendants

_George A. Jackson_
George A. Jackson#00171250
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE  19947

GEORGE A. JACKSON
I/M: BLDG. MSR-7
SUSSEX CORRECTIONAL INSTITUTION
P.O. BOX 500
GEORGETOWN, DELAWARE 19947



U.S. District Court
Lock Box 18
844 N. King ST
Wilmington, DE
19801

