## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GEORGE A. JACKSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C. A. No. 05-823-*** |
| ) | |
| STANLEY TAYLOR, et al., ) | JURY TRIAL REQUESTED |
| ) | |
| Defendants. ) | |

### DEFENDANTS TAYLOR, TALLEY AND ANSON'S RESPONSES TO PLAINTIFFS' INTERROGATORIES

Defendants Stanley Taylor, Joyce Talley and Carl Anson ("Answering Defendants") hereby respond to Plaintiffs' Interrogatories:

### GENERAL OBJECTIONS

1.   Answering Defendants object to the Interrogatories to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2.   Answering Defendants object to the Interrogatories to the extent that they purport to require supplementation of these responses beyond that required by Federal Rule of Civil Procedure 26(e).

3.   Answering Defendants object to the Interrogatories to the extent that they purport to place duties upon them not set forth in, or contemplated by, the Federal Rules of Civil Procedure.

4.   Answering Defendants object to the Interrogatories to the extent that they purport to seek information or documents not in their possession, custody or control.

  5. Answering Defendants object to the Interrogatories to the extent that they seek the production of documents equally available to the Plaintiffs or Plaintiffs' counsel. Such documents will be identified by Answering Defendants but will not be produced.

  6. Answering Defendants object to the Interrogatories to the extent that they purport to require production of information or documents which are impractical or unduly burdensome to reproduce.

  7. Answering Defendants object to the Interrogatories to the extent that they seek the production of documents generated by or received from their counsel in connection with this litigation on or after the date of the acceptance of representation on the grounds that such documents are protected by attorney-client and work product privileges.

## RESPONSES

Subject to, and without waiver of the foregoing General Objections and those set forth in Answering Defendants' Responses, Answering Defendants respond, after a reasonable search, and subject to supplementation, as follows:

  1. State in your own words the manner in which the incident which forms the subject matter of this Complaint occurred. Include a description of the events which led to the inadequate ventilation and airflow at the Sussex Correctional Institution, Main Kitchen.

**RESPONSE:** Objection. Defendants dispute Plaintiffs' allegations and in particular deny that there is or was inadequate ventilation and airflow at SCI. Therefore, Defendants cannot respond to this Interrogatory.

  2. State the names and addresses of all persons who have personal

knowledge of the facts complained of in this action.

**RESPONSE:**      See Response to Interrogatory No. 1.

3. Name all persons who investigated the facts complained of in this action for you, and give their residence and business address.

**RESPONSE:**      See Response to Interrogatory No. 1. Further objection that this Interrogatory is vague, overly broad and unduly burdensome. Further objection that this Interrogatory seeks production of information protected from discovery by the attorney-client privilege and the work product doctrine. Without waiving these objections, Plaintiff George Jackson's July 19, 2005, grievance was reviewed as indicated in the documents attached hereto which are Bates stamped D00001-D00008.

4. Name those persons, including the Plaintiffs, who have given you written and/or recorded statements concerning the facts complained of in this action and give their residence and business address. Please attach copies of their written statements to these Answers to Interrogatories.

**RESPONSE:**      See Response to Interrogatory No. 1. Further objection that this Interrogatory seeks production of information protected from discovery by the attorney-client privilege and the work product doctrine.

5. Give the names and addresses of all persons who have any knowledge whatsoever of any of the facts or events which form the subject matter of the Complaint. Specify the subject matter or knowledge which each of the aforesaid witnesses has.

**RESPONSE:**      See Response to Interrogatory No. 1. Without waiving this objection, Defendants have knowledge of their denial of the allegations in this lawsuit and knowledge of their defenses, as set forth in their Answer to the Complaint.

6. Give the name, address and telephone number of each expert the Defendants' proposes to call. If a written report has been received from the said expert(s), please attach a copy to your Answers. If no such report has been received, please state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

**RESPONSE:** Defendants have not yet retained any experts but reserve the right to do so and will supplement this Response as required by the Federal Rules of Civil Procedure.

7. Give the name and position of any agents, servants or employees of the Department of Corrections who made or caused to be made any statement, oral or written or otherwise recorded to any individual concerning the incident complained of in the complaint, give the substance of each such statement as well as the circumstances surrounding any such statements.

**RESPONSE:** See Response to Interrogatory No. 1. Further objection that this Interrogatory seeks production of information protected from discovery by the attorney-client privilege and the work product doctrine.

8. Give the substances of all unwritten policies or procedures of the Department of Corrections, regarding the steps to be taken when temperatures exceeds well over 100 degrees during the preparation and preparing of the prisons meals.

**RESPONSE:** Good judgment and common sense are advised by the DOC Food Staff when temperatures rise and/or exceed 100 degrees. Kitchen workers are provided with regular breaks and encouraged to drink plenty of liquids on hot days.

9. State specifically and in detail what actions were taken on July 20, 2005, regarding contaminated hamburgers being sent to the prison population. For each person attempting to ascertain this cause, state that person's name, address, date the person to whom they spoke with, the information given, and the action taken.

**RESPONSE:** Objection as to relevance. There are no allegations as to contaminated hamburgers in the Complaint. Without waiving such objection, on July 20, 2005, an inmate reportedly found a parasite in his Beef Cube Steak. Food Service Supervisor Joseph Adkins carried out an investigation which included an inspection of the kitchen area, the actual housing unit and interviews with the kitchen inmates. The SCI main kitchen area was found to be well maintained. The source of the parasite could not be conclusively determined.

10. State specifically and in detail whether SCI Main Kitchen Unit was ever approved for the installation of an air condition unit for the work area.

**RESPONSE:** No, the SCI Main Kitchen Unit was never approved for the installation of air conditioning.

11. State whether the main kitchen units at other DOC prisons for the State of Delaware have air condition cool kitchen for their inmate workers.

**RESPONSE:** The DOC air conditioned kitchen facilities are: Baylor Women's Correctional Institution, Howard R. Young Correctional Institution and the Sussex Work Release Center.

                                              STATE OF DELAWARE
                                              DEPARTMENT OF JUSTICE

                                              /s/ Eileen Kelly
                                              Eileen Kelly, I.D. #2884
                                              Deputy Attorney General
                                              Carvel State Office Building
                                              820 North French Street, 6th Floor
                                              Wilmington, Delaware 19801
                                              eileen.kelly@state.de.us
                                              (302) 577-8400
Date: January 23, 2007                  Attorney for Defendants Stanley Taylor,
                                              Joyce Talley and Carl Anson

## *CERTIFICATE OF SERVICE*

I hereby certify that on January 23, 2007, I electronically filed *Defendant Stanley Taylor, Joyce Talley and Carl Anson's Responses to Plaintiffs' Interrogatories* with the Clerk of Court using CM/ECF. I hereby certify that on, January 23, 2007, I have mailed by United States Postal Service, the document to the following non-registered parties on the attached service list.

/s/ Eileen Kelly
Deputy Attorney General, #2884
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us

*Service List of Non-Registered Parties*

George A. Jackson
SBI No.: 171250
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Darus Young
SBI No.: 282852
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Charles Blizzard
SBI No.: 166670
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Frank Williams
SBI No.: 261867
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Roy R. Williamson
SBI No.: 291856
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Anthony Morris
SBI No.: 300363
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Carl Walker
SBI No.: 173378
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Samuel Jones  
SBI No.: 465297  
Sussex Correctional Institution  
Post Office Box 500  
Georgetown, DE  19947  

Darwin A. Savage  
SBI No.: 232561  
Sussex Correctional Institution  
Post Office Box 500  
Georgetown, DE  19947  

Gilbert Williams  
SBI No.: 137575  
Sussex Correctional Institution  
Post Office Box 500  
Georgetown, DE  19947  

Charles B. Sanders  
SBI No.: 160428  
Sussex Correctional Institution  
Post Office Box 500  
Georgetown, DE  19947  

Joseph White  
SBI No.: 082985  
Sussex Correctional Institution  
Post Office Box 500  
Georgetown, DE  19947  

Timothy L. Malloy  
SBI No.: 171278  
Sussex Correctional Institution  
Post Office Box 500  
Georgetown, DE  19947  

Howard Parker  
SBI No.: 165324  
Sussex Correctional Institution  
Post Office Box 500  
Georgetown, DE  19947

Kevin Spivey
SBI No.: 258693
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

James Johnson
SBI No.: 155123
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Roderick Brown
SBI No.: 315954
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Roger Thomas
SBI No.: 292590
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Lawrence B. Dickens
SBI No.: 124570
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Eldon Potts
SBI No.: 211193
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Jerome Green
SBI No.: 147772
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Rique Reynolds
SBI No.: 266486
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Vernon Truitt
SBI No.: 188191
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Jose Serpa
SBI No.: 350322
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

John F. Davis
SBI No.: 263753
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947