## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GEORGE A. JACKSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C. A. No. 05-823-*** |
| | ) | |
| STANLEY TAYLOR, et al., | ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendants. | ) | |

### DEFENDANT CHRIS SENATO'S RESPONSE
### TO PLAINTIFFS' INTERROGATORIES

Defendant Chris Senato ("Answering Defendant") hereby responds to Plaintiffs' Interrogatories:

### GENERAL OBJECTIONS

1.      Answering Defendant objects to the Interrogatories to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2.      Answering Defendant objects to the Interrogatories to the extent that they purport to require supplementation of these responses beyond that required by Federal Rule of Civil Procedure 26(e).

3.      Answering Defendant objects to the Interrogatories to the extent that they purport to place duties upon them not set forth in, or contemplated by, the Federal Rules of Civil Procedure.

4.      Answering Defendant objects to the Interrogatories to the extent that they purport to seek information or documents not in their possession, custody or control.

5. Answering Defendant objects to the Interrogatories to the extent that they seek the production of documents equally available to the Plaintiffs or Plaintiffs' counsel. Such documents will be identified by Answering Defendants but will not be produced.

6. Answering Defendant objects to the Interrogatories to the extent that they purport to require production of information or documents which are impractical or unduly burdensome to reproduce.

7. Answering Defendant objects to the Interrogatories to the extent that they seek the production of documents generated by or received from his counsel in connection with this litigation on or after the date of the acceptance of representation on the grounds that such documents are protected by attorney-client and work product privileges.

## RESPONSES

Subject to, and without waiver of the foregoing General Objections and those set forth in Answering Defendant's Responses, Answering Defendant responds, after a reasonable search, and subject to supplementation, as follows:

1. State in your own words the manner in which the incident which forms the subject matter of the Amended Complaint occurred. Include a description of the events which led to the excessive heat/cold in the SCI Main Kitchen Unit.

**RESPONSE:** Objection. Defendants dispute Plaintiffs' allegations and in particular deny that there is or was inadequate ventilation and airflow at SCI. Therefore, Defendants cannot respond to this Interrogatory.

2. State whether you received any complaints from inmate kitchen workers in regards to excessive heat/cold at the SCI Main Kitchen Unit. If so, state specifically

and in detail what steps were taken by you in that matter.

**RESPONSE:** While Food Service staff occasionally hears complaints from inmates regarding the temperature in the kitchen, there have been no recorded medical illnesses or incidents of dehydration from an inmate worker in the SCI kitchen. To my knowledge there has never been an instance where staff or inmates' health was an issue due to kitchen temperatures. There has been no documented incident of "excessive" heat or cold in the kitchen.

3. Name all persons who investigated the facts or the inmate kitchen workers' complaint.

**RESPONSE:** See Response in Interrogatory No. 2.

4. Name all persons, including SCI maintenance (DOC) personnel, DOC personnel and/or any private agency who inspected maintained or repaired the exhaust ventilation units at the SCI Main Kitchen Unit after the filing of the Original Complaint.

**RESPONSE:** The SCI Maintenance Foreman and Superintendent confirm as well as work orders that periodic preventive maintenance is performed on the air handlers (ventilation) on top of the kitchen. Belts are also replaced on the hood motors when needed by the state contracted equipment repair service. An outside contractor, Going Clean, steam cleans the hood systems.

5. Give the name and position of any agents, servants or employees of the Delaware Department of Corrections who made or caused to be made any statement, oral or written or otherwise recorded to individual concerning inmate kitchen workers are not to allow to wear DOC issued jacket and hat during extremely cold days in the kitchen.

**RESPONSE:** Answering Defendant does not understand this interrogatory.

6. State the maximum of inmate kitchen workers allowed on each shift prior to the filing of this Complaint.

**RESPONSE:** On an average day, a maximum of 22 inmates are allowed in the kitchen. On delivery days and/or special holidays, 25 inmates are on a shift.

7. State specifically and in detail the furniture design in the inmate break room and the number of toilet facilities available for inmate kitchen workers. (number of toilet seats and urinals)

**RESPONSE:** Objection. This Request has no relevance to plaintiff's claims, requests information beyond the scope of Rule 26, and is not designed to lead to the discovery of admissible evidence.

8. Identify the area whereas inmate kitchen workers are order to consume food and beverages. State specifically in area size the measurements of that area.

**RESPONSE:** See Response to Interrogatory No. 7.

9. State specifically and in detail the number of vermin control equipment installed in the SCI Main Kitchen Unit. If there is a diagram or layout of the kitchen area, produce such document.

**RESPONSE:** There are three electronic fly catchers located in the SCI kitchen. The east and west alcove doors have air curtains installed above the doorways as well as self-closing doors. Additionally, a state contracted pest control company comes every other week to replace glue traps if needed.

10. State specifically and in detail whether all vermin control equipment was properly working on or before July 20, 2005. If yes, produce such documents from inspection.

**RESPONSE:** Objection. This Interrogatory is vague, overly broad and unduly burdensome. Without waiving this objection, Public Health and DOC Inspection Reports are on file which reflect no signs of pest infestation and confirming that the vermin control equipment was properly working.

11. If answer to Number 10 is no, state what steps were taken including any purchase or repair of an vermin control equipment as to prevent the entrance or harborage of rodents, insects and other vermin.

**RESPONSE:** See Response to Interrogatory No. 10.

12. Produce all work orders submitted by defendants prior to the filing of this Complaint submitted in regards to excessive heat or cold at the work place.

**RESPONSE:** Objection. This Interrogatory is vague, overly broad and unduly burdensome. Further objection that defendants do not understand this Interrogatory. Without waiving this objection, see Response to Interrogatory No. 2.

13. State specifically and in detail the model type, date of installation, inspection, maintenance and repair records or log pertaining to two (2) exhaust ventilation systems at the SCI Main Kitchen.

**RESPONSE:** Objection. This Interrogatory is vague, overly broad and unduly burdensome. Without waiving this objection, this is a maintenance issue of which I have no knowledge.

14. State whether you record and log regular daily temperatures a the SCI Main Kitchen Unit. If yes, produce such records.

**RESPONSE:** Daily temperatures in the SCI kitchen are not recorded.

                                                  STATE OF DELAWARE
                                                  DEPARTMENT OF JUSTICE

                                                  /s/ Eileen Kelly
                                                  Eileen Kelly, I.D. #2884
                                                  Deputy Attorney General
                                                  Carvel State Office Building
                                                  820 North French Street, 6th Floor
                                                  Wilmington, Delaware 19801
                                                  eileen.kelly@state.de.us
                                                  (302) 577-8400
Date: March 12, 2007                      Attorney for Defendant
                                                  Chris Senato

## *CERTIFICATE OF SERVICE*

I hereby certify that on March 12, 2007, I electronically filed *Defendant Chris Senato's Response to Plaintiffs' Interrogatories* with the Clerk of Court using CM/ECF. I hereby certify that on, March 12, 2007, I have mailed by United States Postal Service, the document to the following non-registered parties on the attached service list.

        /s/ Eileen Kelly
        Deputy Attorney General, #2884
        Department of Justice
        820 N. French St., 6th Floor
        Wilmington, DE 19801
        (302) 577-8400
        eileen.kelly@state.de.us

*List of Non-Registered Parties*

George A. Jackson
SBI No.: 171250
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Darus Young
SBI No.: 282852
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Charles Blizzard
SBI No.: 166670
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Frank Williams
SBI No.: 261867
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Roy R. Williamson
SBI No.: 291856
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Anthony Morris
SBI No.: 300363
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Carl Walker
SBI No.: 173378
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Samuel Jones
SBI No.: 465297
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Darwin A. Savage
SBI No.: 232561
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Gilbert Williams
SBI No.: 137575
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Charles B. Sanders
SBI No.: 160428
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Joseph White
SBI No.: 082985
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Timothy L. Malloy
SBI No.: 171278
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Howard Parker
SBI No.: 165324
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Kevin Spivey
SBI No.: 258693

Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

James Johnson
SBI No.:  155123
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Vernon Truitt
SBI No.:  188191
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Roderick Brown
SBI No.:  315954
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

José Serpa
SBI No.:  350322
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Roger Thomas
SBI No.:  292590
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

John F. Davis
SBI No.:  263753
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Lawrence B. Dickens
SBI No.:  124570
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Eldon Potts
SBI No.:  211193
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Jerome Green
SBI No.:  147772
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Rique Reynolds
SBI No.:  266486
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947