**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELWARE**

| | | |
|---|---|---|
| GEORGE A. JACKSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-823-*** |
| | ) | |
| STANLEY TAYLOR, et al., | ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendants. | ) | |

FILED
APR 2 - 2007
U.S. DISTRICT CO...
DISTRICT OF DELAW...

**PLAINTIFF ROGER THOMAS 'S RESPONSE TO DEFENDANTS' INTERROGATORIES**

Plaintiff Roger Thomas ("Answering Plaintiff") hereby responds to Defendants' Interrogatories:

(1) With respect to each and every claim in the Amended Complaint:

(a) Identify all facts that refute, relate to, or support your contention:

(b) Identify the specific behavior or conduct that you allege that each Defendant engaged in;

(c) Identify all person with knowledge of such contention or facts;

(d) Identify all documents that reflect, refer to or relate to such contention or facts.

**RESPONSE:**

(a) I agree with all the allegations outlined in the complaint.

(b) Each defendant, "Senato, Adkins, White, Melvin and Rayner, Crockett, Evans, and Manuel" have worked inside SCI kitchen during the summers months and all of them would spend more time in their air

conditioned/heated office then on the floor because of the lack of air circulation and due to the heat/cold which was unbearable.

(c) Mary Hudson, is employed by the State of Delaware, She used to work in SCI kitchen but the conditions in the kitchen drove her to change positions from food service to counselor and all those named in the complaint.

(d) The Complaint, the Grievance and all the defendants' interrogatories.

(2) Identify all documents which you intend to offer into evidence at the trial of this matter.

**RESPONSE:** At this time Petitioner has no documents.

(3) Identify all persons having knowledge of the allegation in the complaint or answer whom you intend to call as witnesses at trial, expert witnesses.

**RESPONSE:** Mary Hudson, is employed by the State of Delaware, She used to work in SCI kitchen but the conditions in the kitchen drove her to change positions from food service to counselor.

(4) Identify all persons whom you intend to call as witnesses at trial, excluding expert witness.

**RESPONSE:** See Response to Interrogatory No.3.

(5)  Identify any physical evidence which relates in any way to any of the facts alleged in the complaint or answer, or which you intend to offer in evidence at trial.

**RESPONSE:** There is no physical evidence.

(5)  Identify each expert you expect to call to testify as a witness at trial and state for each expert,(i) the qualification of the expert, (ii) the subject matter on which the expert is expected to testify,(iii) the substance of the facts and opinions to which the expert is expected to testify and (iv) the summary of the grounds for such opinion.

**RESPONSE:** I do not know at this time.

(7)  State the following about yourself:

    a. Full Name: Roger Thomas
    b. Social Security Number: ~~unknown~~ 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
    c. Date of birth: October, 30th 1955
    d. Place of birth: Stone Mountain, Georgia
    e. Highest level of formal education: 12

(8)  Identify all of your criminal conviction in the past 15 years, including the court, jurisdiction, date of conviction, date of sentencing, and the terms of the sentence.

RESPONSE: Objection. This request has no relevance to the conditions alleged by plaintiffs claims.

(9)  Identify all employment you have had in the past 15 years, including the name and address of each employer, name of supervisor, dates of employment, rate of pay, job title and responsibilities, and reason for termination.

**RESPONSE:** Objection. This Request has no relevance to the claims outlined in the complaint.

(10)  Identify all physicians you have seen or been treated by in the past 10 years including name, office address, telephone number, dates of examination or treatment, and the medical problem involved, if any.

**RESPONSE:** Objection. Plaintiff claims do alleges "kitchen conditions" not personal medical problems.

(11)  Identify and describe all accidents, injuries and ailment you have had in the past 15 years, including the history of any mental illness.

**RESPONSE:** Objection. This Request has no relevance to allegations outlined in the complaint.

(12)  Identify in detail the precise injury or harm you allege was sustained as result of the allegation in the Complaint.

**RESPONSE:**  The Complaint alleges the conditions in which the plaintiff was working in, "Sweatshop "type condition, low air flow, high temperatures in the summer months, and low temperatures in the winter not personal injuries.

(13)  Describe any medical treatment you received as a result of the allegation in the Complaint, Specifically addressing:

**RESPONSE:** See Response to Interrogatory No.12.

(14) State whether you filed a complaint or grievance at the correction institution or with the Department of Correction about the subject matter of each and every claim in your Complaint. If so, when were they filed, with whom were they filed, and what was the response? If not, why not?

**RESPONSE:** Plaintiff's name was attached to the grievance that I/M George Jackson filed because we as inmates cannot file more than one grievance on a single incident.

(15) State the total amount of compensatory damages you are claiming and the computation used to arrive at the sum.

**RESPONSE:** Minimum of $100.000, for each day plaintiff had to work in the extreme heat/cold conditions.

(16) Either prior to or subsequent to the alleged incident(s) referred to in the Amended Complaint, have you ever suffered any injuries, illness or diseases in those portions of the body claimed by you to have been affected as alleged in the Amended Complaint? If so, state:

**a.** A description of the injuries or diseases you suffered, including the date and place of occurrence;

 b. The name and addresses of all hospitals, doctors, or practitioners who rendered treatment or examination because of any such injuries or diseases.

**RESPONSE:** See Response to Interrogatory No.12.

(17) Have you, or anyone acting on your behave, obtained from any person any statement, declaration, petition, or affidavit concerning this action or its subject matter? If so state"

a. The name and last known address of each such person; and

b. When, where, by whom and to whom each statement was made, and whether it was reduced to writing or otherwise recorded.

**RESPONSE:** I do not know.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELWARE**

| | | |
|---|---|---|
| GEORGE A. JACKSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-823-*** |
| | ) | |
| STANLEY TAYLOR, et al., | ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendants. | | |

VERIFICATION AS TO ANSWERS:

I hereby declare under penalty of perjury that the attached Plaintiff's Responses to Defendant's Interrogatories are true and correct.

Roger Thomas

Roger Thomas

Date: 3-29-07

***CERTIFICATE OF SERVICE***

I hereby certify that on 3-29-07, I mailed the Plaintiff Roger Thomas's Response to Defendants' Interrogatories via United States Postal Service. I have mailed the document to the following person.

Eileen Kelly
Deputy Attorney General, #2884
Department of Justice
820 N. French St. ., 6th Floor
Wilmington, DE 19801

'M: Roger Thomas BLDG. Minimum
USSEX CORRECTIONAL INSTITUTION
'.O. BOX 500
;EORGETOWN, DELAWARE 19947
U.S.M.S X-RAY
1667 U.S. POSTAGE PB22303
7952 $00.630 MAR 30
0711 199
U.S. District Court
Lockbox 18
844 KING ST.
Wilmington, DE
19801

