IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELWARE

GEORGE A. JACKSON, et al.,                )
                                           )
          Plaintiffs,                      )
                                           )
     v.                                    )   C.A. No. 05-823-***
                                           )
STANLEY TAYLOR, et al.,                    )   JURY TRIAL REQUESTED
                                           )
          Defendants.                      )

FILED
APR 1 3 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

### PLAINTIFF GEORGE A. JACKSON 'S RESPONSE TO DEFENDANTS' INTERROGATORIES

Plaintiff George A. Jackson ("Answering Plaintiff") hereby responds to    RD scanned

Defendants' Interrogatories:

(1) With respect to each and every claim in the Amended Complaint:

   (a) Identify all facts that refute, relate to, or support your contention:

   (b) Identify the specific behavior or conduct that you allege that each Defendant engaged in;

   (c) Identify all person with knowledge of such contention or facts;

   (d) Identify all documents that reflect, refer to or relate to such contention or facts.

**RESPONSE:**

   (a)   I personally agree to all the facts stated with respect to the Amended Complaint.

   (b)   See Response to Interrogatory No. 1.

 (c) All named Plaintiffs and named Defendants, SCI Maintenance

 (d) Grievance I filed on behalf of kitchen workers, DOC staff, and the inmate population.

(2) Identify all documents which you intend to offer into evidence at the trial of this matter.

**RESPONSE:** Inmate grievance, Warden's response-depositions of defendants -deposition of independent expert (Request for Appointment) Discovery is still active.

(3) Identify all persons having knowledge of the allegation in the complaint or answer whom you intend to call as witnesses at trial, expert witnesses.

**RESPONSE:** All named plaintiffs, defendants, SCI Maintenance Discovery is still active.

(4) Identify all persons whom you intend to call as witnesses at trial, excluding expert witness.

**RESPONSE:** See Response to Interrogatory No. 3

(5) Identify any physical evidence which relates in any way to any of the facts alleged in the complaint or answer, or which you intend to offer in evidence at trial.

**RESPONSE:** Discovery is still active, and will supplement this Interrogatory when information is available.

(6) Identify each expert you expect to call to testify as a witness at trial and state for each expert,(i) the qualification of the expert, (ii) the subject matter on which the expert is expected to testify,(iii) the substance of the facts and opinions to which the expert is expected to testify and (iv) the summary of the grounds for such opinion.

**RESPONSE:** At this time Plaintiffs has a pending motion in reference to obtaining an independent expert with qualifications in ventilation exhaust systems.

(7)   State the following about yourself:

    a. Full Name: George A. Jackson
    b. Social Security Number: 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
    c. Date of birth: 01/07/61
    d. Place of birth: Bartow, Fla.
    e. Highest level of formal education: G.E.D./ 18 college credits

(8)   Identify all of your criminal conviction in the past 15 years, including the court, jurisdiction, date of conviction, date of sentencing, and the terms of the sentence.

**RESPONSE:** Objection. This Request has no relevance to plaintiffs' claims, request information beyond the scope of Rule 26, and is not designed to lead to discovery of admissible evidence.

(9)   Identify all employment you have had in the past 15 years, including the name and address of each employer, name of supervisor, dates of employment, rate of pay, job title and responsibilities, and reason for termination.

**RESPONSE:** I have worked in the SCI main kitchen from 11/30/1992 to about 6/27/2006. I performed duties as a dietitian technician. I earned about $60.00 per month. All named defendants were consider my supervisor. My termination was based on a mandatory job switch by the Warden.

(10)  Identify all physicians you have seen or been treated by in the past 10 years including name, office address, telephone number, dates of examination or treatment, and the medical problem involved, if any.

**RESPONSE:** Through the nearly 16 years of my incarceration, various medical providers have seen or treated me in the past 10 years. You would have to obtain my medical records from the DOC. This information or documents are not in my possession, custody or control.

(11)  Identify and describe all accidents, injuries and ailment you have had in the past 15 years, including the history of any mental illness.

**RESPONSE:** Objection. This Request has no relevance to plaintiffs' claims, request information beyond the scope of Rule 26, and is not designed to lead to discovery of admissible evidence.

-3-

(12) Identify in detail the precise injury or harm you allege was sustained as result of the allegation in the Complaint.

**RESPONSE:** Constant heat exhaustion, extreme fatigue, humiliation, indignity and mental anguish for repeated complaints about the excessive heat and humidity during the summer months, and the extreme cold during the winter at the work place. Defendants would stay in the air condition/heated offices and watch the kitchen workers through the window. I also suffered eye irriatation from the high levels of dusts, fumes, vapors, gases from inadequate system.

(13) Describe any medical treatment you received as a result of the allegation in the Complaint, Specifically addressing:

**RESPONSE:** I was seen by an eye physician, who prescribed eye drops and was taking alot of motrins for headaches.

(14) State whether you filed a complaint or grievance at the correction institution or with the Department of Correction about the subject matter of each and every claim in your Complaint. If so, when were they filed, with whom were they filed, and what was the response? If not, why not?

**RESPONSE:** Yes, I filed a Emergency grievance to the warden on behalf of inmate kitchen workers on July 19, 2005 and received by his office on 7/20/2005. At the R.G.C. hearing, I presented a list of signatures of kitchen workers who work or had work in the kitchen. That same list was attached to the Original Complaint D.I.2. The grievance was <u>not return</u> or <u>rejected</u> by the Warden and the Inmate Grievance Chairman. Had the grievance been return, all kitchen inmates would had filed.

(15) State the total amount of compensatory damages you are claiming and the computation used to arrive at the sum.

**RESPONSE:** $100,000.00 (One Hundred Thousand) Dollars-minimum. For irreparable damages suffered for delay/denial of a safe and healthy work environmant each work day.

(16) Either prior to or subsequent to the alleged incident(s) referred to in the Amended Complaint, have you ever suffered any injuries, illness or diseases in those portions of the body claimed by you to have been affected as alleged in the Amended Complaint? If so, state:

   a. A description of the injuries or diseases you suffered, including the date and place of occurrence;

-4-

    **b.**    The name and addresses of all hospitals, doctors, or practitioners who rendered treatment or examination because of any such injuries or diseases.

**RESPONSE:** See Response to Interrogatory No. 10. Answering Plaintiff does not understand this interrogatory fully.

(17)    Have you, or anyone acting on your behave, obtained from any person any statement, declaration, petition, or affidavit concerning this action or its subject matter? If so state"

    **a.**    The name and last known address of each such person; and

    **b.**    When, where, by whom and to whom each statement was made, and whether it was reduced to writing or otherwise recorded.

**RESPONSE:** No.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELWARE

| | | |
|---|---|---|
| GEORGE A. JACKSON, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. 05-823-*** |
| STANLEY TAYLOR, et al., | ) ) | JURY TRIAL REQUESTED |
| Defendants. | ) | |

VERIFICATION AS TO ANSWERS:

I hereby declare under penalty of perjury that the attached Plaintiff's Responses to Defendant's Interrogatories are true and correct.

*George A. Jackson*
George A. Jackson
Date: 4/10/2007

## CERTIFICATE OF SERVICE

I hereby certify that on ____4/10/2007____, I mailed the Plaintiff George A. Jackson's Response to Defendants' Interrogatories via United States Postal Service. I have mailed the document to the following person.

<div align="right">

Eileen Kelly
Deputy Attorney General, #2884
Department of Justice
820 N. French St. ., 6th Floor
Wilmington, DE 19801

</div>

*[Signature: George H. Jackson]*

26(e) of the Federal Rules of Civil Procedure.

### REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** ATTACHED GRIEVANCE

1. All grievances, complaints, or other correspondence relating to, regarding or arising out of the incidents alleged in the Amended Complaint, including, but not limited to, all grievances or complaints submitted by each Plaintiff to Department of Correction personnel, responses thereto, and any related correspondence between each Plaintiff and Department of Correction personnel.

**REQUEST NO. 2:** NONE

2. All correspondence relating to, regarding or arising out of the incidents alleged in the Amended Complaint, including, but not limited to, any correspondence between friends or family members of each Plaintiff or other inmates and Department of Correction personnel.

**REQUEST NO. 3:** NONE

3. Any statements, declarations, petitions, or affidavits relating to, regarding or arising out of the incidents alleged in the Amended Complaint and any statements, declarations, or affidavits of each Plaintiff, other inmates, or witnesses to the allegations in the Amended Complaint.

**REQUEST NO. 4:** NONE

4. Any tests, reports, studies or any other documents relating to, regarding or arising out of the incidents alleged in the Amended Complaint.

**REQUEST NO. 5:** DOC-Possession

5. All criminal history records for each Plaintiff from any other state besides Delaware for the past 15 years.

**REQUEST NO. 6:** Doc-Possession

6. All medical records for each Plaintiff relating to, regarding or arising out of the incidents alleged in the Amended Complaint.

**REQUEST NO. 7:** Doc-Possession

7. All medical records for each Plaintiff for the past 15 years.

**REQUEST NO. 8:**

8. Any and all document(s) referenced or identified in Plaintiff's Responses to Interrogatories served contemporaneously herewith. Answering Plaintiff does Not understand this Request

 

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Eileen Kelly
Eileen Kelly (I.D. 2884)
Deputy Attorney General
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us
Attorney for Defendants

Dated: March 8, 2007

4/10/07

EMERGENCY GRIEVANCE  FORM #584  RECEIVED
TO: Warden Rick Kearney  GRIEVANCE FORM  JUL 20 2005
SCI WARDEN'S OFFICE

RECEIVED
JUL 21 2005
SCI GRIEVANCE CHAIRMAN

FACILITY: S.C.I. - KITCHEN UNIT
DATE: July 19, 2005
GRIEVANT'S NAME: George A. Jackson
SBI#: 171250
CASE#: 15430
TIME OF INCIDENT: "Ongoing"
HOUSING UNIT: Merit: West

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED IN THE INCIDENT OR ANY WITNESSES.

The Kitchen Unit, primarily if not exclusively the diet and baker area, creates a hazardous work condition to inmate workers by exposing them to harmful levels of extreme heat and humidity caused by inadequate exhaustion ventilation system.

The cumulative impact of this defunct system, produces a grossly unsanitary work environment such as the spread of air-borne and food-borne diseases that poses a serious threat to one's health, and/or the prison population. Inmate workers are constantly experiencing daily symptoms of heat exhaustion(excessive sweating, shortness of breath, ect.) from the deprivation of an adequate ventilation at the work place.

The resulting condition("Sweatbox") at the Kitchen Unit, as a whole, is incompatible with contemporary standards of decency, and is not related to any legitimate correctional or governmental objective.

ACTION REQUESTED BY GRIEVANT: To Have the Kitchen Unit exhaustion ventilation system, designed, constructed, maintained and operated accordingly to the Occupational Safety and Health Aministration(OSHA), Labor § 1926.57 without further delay, and compensate inmate workers for irreparable damages suffered for delayed/denial of a safe and healthy work environment. *FIRST AMENDMENT PROTECTION INVOKED*

GRIEVANT'S SIGNATURE: _George A. Jackson_    DATE: _July 19, 2005_

WAS AN INFORMAL RESOLUTION ACCEPTED?        ____(YES)   ____(NO)

(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE: _____    DATE: _____

IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.

cc: INSTITUTION FILE
    GRIEVANT

April '97 REV

Case 1:05-cv-00823-SLR-LPS    Document 176    Filed 04/13/2007    Page 11 of 11

I/M George A. Jackson BLDG. MERIT
SUSSEX CORRECTIONAL INSTITUTION
P.O. BOX 500
GEORGETOWN, DELAWARE 19947

1397 U.S. POSTAGE PB 2230370
7932 $00.87 APR 12 07
4824               19947

U.S. District Court
Lockbox 18
844 N. King St.
Wilmington, DE
19801