IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GEORGE A. JACKSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C. A. No. 05-823-*** |
| | ) | |
| STANLEY TAYLOR, et al., | ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO AMEND THE ANSWER

Pursuant to Fed. R. Civ. P. 15, Defendants hereby move to amend the Answer [D.I. 135] to the Amended Complaint [D.I. 114] to assert the affirmative defense of failure to exhaust administrative remedies under the Prisoner Litigation Reform Act. In support of this Motion, Defendants state as follows:

1.  There are twenty-five Plaintiffs in this *pro se* prisoner civil rights action. Plaintiffs complain about conditions in the Main Kitchen at Sussex Correctional Institution ("SCI") in Georgetown, Delaware. The matter has not been certified as a class action.

2.  The original Complaint was filed on December 1, 2005. [D.I. 2]. An Answer was filed on behalf of Defendants Taylor, Talley and Anson on September 8, 2006. [D.I. 113].

3.  Plaintiffs were granted leave to amend the Complaint on October 10, 2006. [D.I. 118]. The Amended Complaint added a number of Defendants. [D.I. 114]. On January 3, 2007, an Answer was filed on behalf of the original Defendants and Defendants Michael Knight, Chris Senato, Joseph Atkins, Debbie Melvin, Robert

Manuel, Wenston White and Bethany Evans. [D.I. 135]. On February 15, 2007, an Answer to the Amended Complaint was filed on behalf of Defendants Richard Crockett and Steven Raynor. [D.I. 141].

  4. There is no scheduling order in place in this case and no trial date.

  5. Plaintiffs in this action have brought a *pro se* complaint, filed while they were incarcerated, regarding the conditions of confinement. Plaintiffs allege claims under 42 *U.S.C.* § 1983. The Prison Litigation Reform Act ("PLRA") of 1995 became effective on April 26, 1996, and amended a variety of statutory provisions governing litigation by prisoners, specifically including those brought under 42 *U.S.C.* §1983. Accordingly, the PLRA is applicable to this matter.

  6. The PLRA contains an "exhaustion of remedies" requirement. 42 *U.S.C.* §1997e(a) provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The Third Circuit has held that "defendants must plead and prove failure to exhaust as an affirmative defense." *Ray v. Kertes,* 285 F.3d 287, 295 (3d Cir. 2002).

  7. In the original Complaint and Amended Complaint, Plaintiffs allege that administrative remedies were exhausted pursuant to a grievance which was filed on July 19, 2005 and upheld on October 11, 2005. Defendants admitted this allegation and did not assert failure to exhaust administrative remedies as an affirmative defense.

  8. However, there is a factual dispute in the record as to whether the exhaustion requirement was satisfied as to all twenty-five Plaintiffs. The July 19, 2005

grievance was signed and filed by Plaintiff George Jackson ("Jackson").  *See* Grievance attached hereto as Exhibit A.  To date, there is no evidence that the other Plaintiffs filed their own grievances or even signed Jackson's grievance.  In fact, in his Response to Interrogatories, Jackson does not even claim that the other Plaintiffs signed the grievance in question.  Rather, he states that he presented a list of signatures at the grievance hearing.  *See* Jackson's Response to Interrogatories, at ¶ 14, attached hereto as Exhibit B.  [D.I. 176].  Thus, the record will require further development to determine if the PLRA's exhaustion requirement was met by all the Plaintiffs.

        9.     Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires."  While leave to amend is generally at the discretion of the trial court, Rule 15 is to be construed liberally.  *Foman v. Davis,* 371 U.S. 178, 182 (1962).  In connection with a motion to amend a complaint, the United States Supreme Court stated that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  *Id.*  Thus, the Supreme Court has held that a motion to amend should be granted unless the court finds that there has been undue delay, the motion is being made in bad faith, former amendments have not been used to cure the deficiency at issue, the allowance of the motion would unduly prejudice the non-moving party, or the amendment would be futile.  *Id.  See also U.S. for Use and Ben. of B&R, Inc. v. Donald Lane Construction,* 19 F. Supp. 2d 217, 221 (D. Del. 1998).

        10.    In this case, this is Defendants' first motion to amend.  There has been no undue delay.  Defendants' final Answer was filed less than five months ago.  *See id.* (defendants permitted to amend answer even though amendment was not made until eight

3

months after filing of answer). There is no scheduling order in place specifying a deadline for filing of motions to amend. "The passage of time, without more, does not require that a motion to amend . . . be denied. *Id.* at 222. Thus, here, any delay does not warrant denial of Defendants' motion to amend.

11.  Further, the motion to amend is not being made in bad faith. Undersigned counsel inadvertently failed to include the affirmative defense of failure to exhaust administrative remedies based on Plaintiff Jackson's grievance. The record as developed suggests that there has not been exhaustion of administrative remedies by all the Plaintiffs.

12.  Defendants' Motion to Amend the Answer would not be futile. "Under the PLRA, a federal court must dismiss an Eighth Amendment claim when it is proven that plaintiff has not exhausted administrative remedies." *Green v. First Correctional Medical,* 430 F. Supp. 2d 383, 385 (D. Del. 2006). Thus, the granting of Defendants' Motion to Amend could result in disposition of Plaintiffs' claims.

13.  Finally, and most importantly, Plaintiffs will not be prejudiced if Defendants' Motion to Amend is granted. As noted, there is no scheduling order in place or trial date. Discovery is ongoing. There is ample opportunity for the record to be fully developed prior to trial.

14.  Defendants' proposed Amended Answer to the Amended Complaint, with amendments indicated, is attached hereto as Exhibit C.[1]

WHEREFORE, Defendants respectfully request that this Court grant their Motion

---

[1] The proposed Answer also includes minor amendments as to Defendants' current employment status.

5

to Amend the Answer to the Amended Complaint.

          **STATE OF DELAWARE**
          **DEPARTMENT OF JUSTICE**

          <u>/s/ Eileen Kelly</u>
          Eileen Kelly, I.D. No. 2884
          Deputy Attorney General
          Carvel State Office Building
          820 North French Street, 6th fl.
          Wilmington, DE  19801
          (302) 577-8400
          eileen.kelly@state.de.us
          Attorney for Defendants

Date:  July 9, 2007

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| GEORGE A. JACKSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C. A. No. 05-823-*** |
| | ) | |
| STANLEY TAYLOR, et al., | ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendants. | ) | |

**7.1.1 CERTIFICATE OF COUNSEL**

Undersigned counsel hereby certifies, pursuant to Local Rule 7.1.1, that:

1. Plaintiffs are currently incarcerated and it is not practical for undersigned counsel to communicate with them concerning Defendants' Motion to Amend the Answer.

2. Therefore, undersigned counsel assumes that the Motion is opposed.

        STATE OF DELAWARE
        DEPARTMENT OF JUSTICE

        /s/ Eileen Kelly
        Eileen Kelly, I.D. #2884
        Deputy Attorney General
        Carvel State Office Building
        820 North French Street, 6th Floor
        Wilmington, Delaware 19801
        (302) 577-8400
        eileen.kelly@state.de.us
Date: July 9, 2007        Attorney for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GEORGE A. JACKSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C. A. No. 05-823-*** |
| | ) | |
| STANLEY TAYLOR, et al., | ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendants. | ) | |

## **ORDER**

This _____ day of _____, _____,

**WHEREAS,** Defendants having moved to amend their Answer to the Amended Complaint; and

**WHEREAS,** there being good cause shown for the granting of such motion;

**IT IS HEREBY ORDERED**, that Defendants' Motion to Amend the Answer shall be granted.

_____
U.S. District Court Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2007, I electronically filed *Defendants' Motion to Amend the Answer* with the Clerk of Court using CM/ECF. I hereby certify that on July 9, 2007, I have mailed by United States Postal Service, the document to the non-registered parties on the attached service list.

/s/ Eileen Kelly
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us

*Service List of Non-Registered Parties*

George A. Jackson
SBI No.: 171250
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Darus Young
SBI No.: 282852
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Charles Blizzard
SBI No.: 166670
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Frank Williams
SBI No.: 261867
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Roy R. Williamson
SBI No.: 291856
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Anthony Morris
SBI No.: 300363
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Carl Walker
SBI No.: 173378
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Samuel Jones
SBI No.: 465297
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Darwin A. Savage
SBI No.: 232561
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Gilbert Williams
SBI No.: 137575
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Charles B. Sanders
SBI No.: 160428
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Joseph White
SBI No.: 082985
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Timothy L. Malloy
SBI No.: 171278
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Howard Parker
SBI No.: 165324
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Kevin Spivey
SBI No.: 258693

Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

James Johnson
SBI No.:  155123
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Vernon Truitt
SBI No.:  188191
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Roderick Brown
SBI No.:  315954
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

José Serpa
SBI No.:  350322
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Roger Thomas
SBI No.:  292590
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

John F. Davis
SBI No.:  263753
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Lawrence B. Dickens
SBI No.:  124570
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Eldon Potts
SBI No.:  211193
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Jerome Green
SBI No.:  147772
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Rique Reynolds
SBI No.:  266486
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947