IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GEORGE A. JACKSON, et al., | : |
| Plaintiffs, | : |
| v. | : C. A. No. 05-823-*** |
| STANLEY TAYLOR, et al., | : |
| Defendants. | : |

### MEMORANDUM ORDER

At Wilmington, Delaware, this **17th** day of **July, 2007.**

In this matter, there are presently twenty-six *pro se* plaintiffs who have filed suit primarily regarding inadequate ventilation, particularly in their work place, the main kitchen at Sussex Correctional Institute ("SCI"). One plaintiff, George Jackson, ("Jackson") has pursued his claims by, not only filing the original complaint, but also by filing motions and initiating discovery, which includes requests for production and interrogatories. In fact, Jackson is the only plaintiff who has filed any discovery requests or actively participated in this action. Jackson alone has moved for leave to depose defendants, to enter and inspect the kitchen and for default. D.I. 164, 178 and 182 respectively. In most filings, Jackson suggests that the matter filed is a class action proceeding, absent any class certification.

In a more recent motion for appointment of counsel filed June 26, 2007, Jackson is joined in that motion with two other plaintiffs, Charles Blizzard ("Blizzard") and Darus Young ("Young"). D.I. 183. In that motion, Jackson acknowledges that the matter has not been certified as a class action and, as a non-attorney, he cannot represent the

other plaintiffs. See D.I. 183 ¶ 7.

**Motion for leave to depose D.I. 164**

Regarding Jackson's motion for leave to depose defendants (D.I. 164), Jackson not only requests the opportunity to depose defendants, but also requests the court to order defendants to arrange the depositions. Defendants do not oppose Jackson's request to depose them and agrees to cooperate in making themselves available for deposition. See D.I. 179. Defendants, however, note that only Jackson has made the request and therefore, only Jackson should be permitted to depose defendants. Defendants further object to Jackson's request for them to notice, arrange and incur the expense of a court reporter for the depositions.

Therefore, Jackson's motion for leave to depose (D.I. 164) is GRANTED in part and DENIED in part. The court orders that Jackson and only Jackson is authorized to depose the defendants. Although Jackson is *pro se*, that does not mean defendants are responsible for noticing and arranging their depositions. Jackson and defense counsel are directed to communicate regarding the availability of the defendants for deposition. All efforts should be made to have the defendants deposed over consecutive days. In light of the issues in this case, each defendant's deposition shall be limited to three (3) hours, excluding breaks. Once the dates and times for each defendant are confirmed with defense counsel, Jackson shall file a notice of the depositions, which shall include the name of the defendant, the date on which his or her deposition is scheduled and the time. On or before August 1, 2007, defense counsel shall provide the names, addresses and telephone numbers of court reporters to Jackson. Jackson shall be responsible to make arrangements for the court reporter.

Further, on or before August 1, 2007, defense counsel shall advise the court what recording devices and facilities are available at the prison to electronically record and/or hold depositions. Jackson shall keep the court advise by letter of his efforts in arranging for a court reporter.

**Motion to inspect D.I. 178**

Regarding Jackson's request to enter the main kitchen in order to inspect, measure, survey, photograph and test the exhaust system (D.I. 178), that motion is DENIED. Defendants, in their opposition, emphasize legitimate serious security concerns. Although an action has been filed regarding work conditions in the main kitchen at SCI, the court does not and cannot micromanage the day-to-day administrative aspects of a prison facility. As recognized by the United States Supreme Court in *Bell v. Wolfish*, 441 U.S. 520, 547-48 (1979), prison administrators are provided "wide-ranging deference in the adoption and execution of policies and practice that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Courts are to defer to their expert judgment on those issues.

**Motion for default D.I. 182**

Jackson moves for default against defendants (D.I. 182)[1] on the basis that while actively conducting discovery, particularly after filing his request to inspect the main kitchen facilities, defendants allegedly seized all of his legal materials during a cell search. Thereafter, Jackson was subject to a disciplinary conviction alleged because

---

[1] D.I. 182 was filed on June 22, 2007.

he is assisting other inmates with this case. Jackson claims that there is no posted institutional rule or directive which forbade such activity. Jackson claims such actions show conspiratorial activity by defendants in retaliation for filing the civil class action against twelve defendants. As a result, Jackson alleges that he suffered mental anguish, embarrassment, shame and humiliation, loss of property and an inability to adequately continue his litigation in the pending action for which he demands monetary compensation, punitive damages and injunctive relief.

     As noted previously herein, Jackson's original complaint relates to working conditions in the main kitchen, wherein he asserts that ventilation system is old, outdated, inadequate and poorly maintained which allows excessive heat, humidity, gases, vapors and fumes to occur which makes breathing difficult, creates unsanitary conditions in the kitchen and the adjacent break room and bathroom areas, promotes rodent and insect infestation and contaminates food. He further contends that such conditions violate health and safety policies and that food service officers are inadequately trained to deal with or alleviate such conditions. His original case is not about conspiracy or activities regarding court access or wrongful disciplinary conduct by prison officials. The court will not allow an expansion of the instant action to include other matters unrelated to the initial claims because they do not arise out of the same transactions or occurrences upon which the original action is premised. *See* Fed. R. Civ. P. 15. Nor will Jackson be allowed to amend his pleadings to include disciplinary matters unrelated or at best, tangentially related, to the allegations as contained in the complaint. Further, his motion for default is premised on his mistaken understanding that he is serving as the class representative.

As noted in his subsequently filed motion for appointment of counsel (D.I. 183)[2], Jackson admits that he cannot, as a non-lawyer, represent the other plaintiffs in the present matter and that there has been no class certification. In the seminal case of *Oxendine v. Williams*, 509 F.2d 1405 (4th Cir. 1975), the court declared it to be "plain error" to permit an inmate proceeding *pro se* to represent fellow inmates in a class action:

> This rule is an outgrowth not only of the belief that a layman, untutored in the law cannot "adequately represent" the interests of the members of the "class," but also out of the long-standing general prohibition against even attorneys acting as both class representative and counsel for the class.

*Huddleston v. Duckworth*, 97 F.R.D. 512, 514 (N.D. Ind. 1983) (*citing, Kramer v. Scientific Control Corp.*, 534 F.2d 1085, 1090 (3d Cir. 1985), *cert. denied*, 429 U.S. 830 (1976)). Therefore, by Jackson's own admission and under sound law, he cannot serve as the representative of the class. As a result, the premise upon which he basis his motion is incorrect.

Further, Jackson's requests for a default judgment granting injunctive relief is improper. A party seeking such relief bears the burden of producing evidence to convince the court that he has met the standards required.[3] Claiming a risk of

---

[2] D.I. 183 was filed on June 26, 2007. The fact that Jackson was able to file two motions after the allegedly improper disciplinary action and confiscation of his legal materials refutes his argument that such conduct has interfered with his ability to pursue his case.

[3] The movant must show a reasonable probability of success on the *merits*; the movant will be irreparably injured by the denial of relief; the granting of the relief will not result in even greater harm to the other party and the granting of such relief is in the public interest. *See SI Handling Systems, Inc. v. Heisley*, 753 F.2d 1244, 1254 (3d Cir. 1985).

irreparable harm is not enough: a plaintiff has the burden of providing a "*clear showing of immediate irreparable injury.*" *Continental Group, Inc. v. Amoco Chemicals Corp.*, 614 F.2d 351, 359 (3d Cir. 1980) (emphasis added). Bald allegations alone, especially ones which are clearly not part of the present action, are not enough. Further to sustain a conspiracy claim, plaintiff must show through specific facts that defendants agreed to violate his federally created rights; and the existence of an overt act resulting in damages. *Chicarelli v. Plymouth Garden Apts.*, 551 F. Supp. 532, 539 (E.D. Pa 1982) (cited in *Melo v. Hafer*, 912 F.2d 628, 638 n.11 (3d Cir. 1990)). Broad and conclusory allegations or statements are not enough. *Grims v. Lousiville & Nashville RR Co.,* 583 F. Supp. 642, 650 (M.D. Ind. 1984), *aff'd.*, 767 F.2d 927 (7th Cir. 1985), *cert. denied.*, 476 U.S. 1160 (1986). No factual basis whatsoever has been alleged to even remotely show a mutual understanding among or between any of the defendants.

     As a result, Jackson's motion for default is an improper motion. No action is filed in this court regarding the claims he moves for default or attempts to raise in that motion. His motion is not the proper or allowable venue in which to raise such complaints. Therefore, no default is warranted. Jackson's motion for default (D.I. 182) is DENIED.

                                         /s/ Mary Pat Thynge
                                         UNITED STATES MAGISTRATE JUDGE