IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

GEORGE A. JACKSON, et al., :
:
      Plaintiffs, :
:
v. : C.A. No. 05-823-***
:
STANLEY TAYLOR, et al., : JURY TRIAL REQUESTED
:
      Defendants. :

### PLAINTIFFS' OPPOSITION TO STRIKE DEFENDANTS' MOTION TO AMEND THE ANSWER

FILED JUL 17 2007 RG scan U.S. DISTRICT COURT DISTRICT OF DELAWARE

COME NOW Plaintiffs, pro se, moves this Court to Strike Defendants' Motion to Amend the Answer [D.I. 135] to the Amended Complaint [D.I.114] to assert the affirmative defense of failure to exhaust administrative remedies under the Prisoner Litigation Reform Act. In support of this opposition, Plaintiffs state as follows:

1. There are twenty-six Plaintiffs in this **pro se** prisoner civil rights action, not twenty-five Plaintiffs as alleged by Defendants in their Motion to Amend the Answer.

2. The original Complaint was filed on December 1, 2005, [D.I.2]. An Answer was filed on behalf of Defendants Taylor, Talley and Anson on September 8, 2006. [D.I.113].

3. Plaintiffs were granted leave to amend the Complaint on October 10, 2006. [D.I.118]. The Amended Complaint added a number of Defendants. [D.I.114]. On January 3, 2007, an Answer was filed on behalf of the original Defendants and Defendants Knight, Senato, Atkins, Melvin, Manuel, White and Evans. [D.I.135]. On February 15, 2007, an Answer to the Amended Complaint was filed on behalf of Defendants Crockett and Raynor. [D.I.141], is attached

hereto as Exhibit A.

4. In the original Complaint and Amended Complaint, Plaintiffs allege that administrative remedies were exhausted pursuant to the grievance which was filed on July 19, 2005 and upheld on October 11, 2005. Defendants clearly admitted to the exhausteion of the grievance in theirs Answer to Plaintiffs' original Complaint [D.I.113]. Further, in the Defendants' Answer to the Amended Complaint [D.I.141] (Ex. A) that was filed on February 15, 2007, Defendants, only admitted to Plaintiff George Jackson as to satisfying the exhaustion requirements under the Prison Litigation Reform Act ("PLRA").

5. Defendants did not affirmatively pleaded an affirmative defense as to the twenty-five remaining Plaintiffs for failure to exhaust, despite the fact, Defendants were in possession of the July 19, 2005 grievance that was only signed by Plaintiff George A. Jackson. **SEE Grievance attached hereto as Exhibit B.** Furthermore, the twenty-five Plaintiffs were clearly typed in the original Complaint along with there signatures attached to the Complaint. [D.I.2] Defendants simply could have "<u>Admitted that George Jackson filed a grievance dated July 19, 2005. But Denied as to the remaining Plaintiffs.</u>" This could have easily been stated by Defendants in their Answer [D.I.135] or Defendants' Answer to the Amended Complaint. [D.I.141].

6. Any failure of the Plaintiffs to comply with the terms of the PLRA "exhustion of remedies" requirements could have been raised as an affirmative defense by the Defendants in their two (2) Answer to the Plaintiffs complaints, and a failure to plead it amounts to a **waiver** under paragraph (c) of Rule 8 (Fed. R. Civ. P.). Also, <u>Ray v. Kertes,</u> 285 F.3d 287, 295 (3d Cir. 2002).

7. Further, the motion to amend is being made in bad faith. Defendants' counsel is claiming inadvertentness as the failure to plead an affirmative defense. Inadvertentness is not a recognized exception to waiver of an affirmative defense. The inexcusably careless actions of the Defendants'

failure to plead exhaustion affirmatively, amounts to waiver. Rule 8(c).

8. Defendants' Motion to Amend the Answer would be futile. Under the provision of 42 U.S.C. § 1997e(a), an inmate may not sue prison officials in federal court unless the inmate has first filed an adequate grievance in accordance with the prison system's own grievance procedures. Woodford v. Ngo, 126 S. Ct. 2378, 2386 (2006). These procedures are the exclusive "yardstick" for determining the adequacy of the grievance. Spruill v. Gillis, 372 F.3d 218, 232 (3d Cir. 2004). If the grievance "contain[s] everything that [the prison system] instruct him to include," then prison officials "can't complain that he failed to do more." Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002). Defendants claim that there "is no evidence that the other Plaintifs filed their own grievances or even signed Jackson's grievance." Apparently, Defendants have not examined the Delaware DOC's procedure for grievances to determine what procedures required and whether Plaintiffs complied with the requirements.

9. The DOC's procedure provides that:

> H. Inmates are prohibited from submitted more than one grievance arising from a single incident.

Jackson's grievance supplied all of the information required for the process grievance. Jackson's grievance described: (1) a serious health and safety issue for kitchen workers and the entire prison population; and (2) the "action requested," namely "compensate inmate workers for irreparable damage suffered for delayed/denial." Grievance was filed under the Emergency section of the DOC procedure because of the serious threat to the prison population. Plaintiff Jackson's grievance was not return as unprocess. **SEE Grievance attached hereto as Exhibit C.** Plaintiff Jackson presented the list of remaining Plaintiff signatures at the hearing, but was told due to serious nature of the single incident, no additional grievance needed

-3-

to be filed. Plaintiff Jackson's grievance were "sufficient to put prison officials on notice of Plaintiffs claim, thereby fulfilling the exhaustion requirement of 42 U.S.C. § 1997e(a)." As explain in the preceding section, under **Spruill**, "Prison grievance procedures supply the yardstick for measuring" exhaustion, 372 F.3d at 231, rather than a federal standard of "notice pleading." Because plaintiffs grivance complied with the requirements under the DOC's own procedures, they properly exhaust the process.

In addition, since the condition of the kitchen has not improved and is ongoing denial of adequate ventilation at the work place, Plaintiffs grievances would not be time barred under the DOC's procedures. However, the DOC would still refuse to hear such grievance from Plaintiffs. Again, the DOC procedure state that "[I]nmates are prohibited from submitted more than one grievance aising from a single incident."

10. Defendants' proposed Amended Answer to the Amended Complaint, basically raising no allegation that could not have been raised in Defendants' previous <u>two</u> Answers to Plaintiffs Complaints, if acted with due diligence.

11. Finally, Plaintiffs will siffered unduly prejudice if Defendants' Motion to Amend is granted. Plaintiffs' Answer to Defendants's Interrigatories were based on the fact that Defendants' did not plead an affirmative defense as to exhaustion requirements. This would now be extremely prejudice to Plaintiffs.[2]

WHEREFORE, Plaintiffs respectfully request that the Court denied Defendants' Motion.

---

[2] Plaintiff Jackson legal material was confiscated during a cell search by representatives of the Defendants' on May 30, 2007. Plaintiff Jackson has not located all his necessary legal material in reference to this case in which he has been the main litigator.

*Charles E. Blizzard*
Charles Blizzard

*George A. Jackson*
George A. Jackson

*Darus Young*
Darus Young

-4-

CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2007, a copy of      PLAINTIFFS' OPPOSITION TO STRIKE DEFENDANTS' MOTION TO AMEND THE ANSWER, was place in the SCI prison mailbox to be forward to:

Eileen Kelly
Deputy Attoeney General
Department of Justice
820 N. French St., 6th Fl.
Wilmington, DE  19801
Attorney for Defendants

*/s/ George A. Jackson*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GEORGE A. JACKSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C. A. No. 05-823-*** |
| ) | |
| STANLEY TAYLOR, et al., ) | JURY TRIAL REQUESTED |
| ) | |
| Defendants. ) | |

**DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT**

COME NOW Defendants Richard Crockett and Steven Raynor ("Defendants"), by and through the undersigned counsel, and hereby answer the Amended Complaint:

II. Exhaustion of Administrative Remedies

    A.    Admitted.

    B.    Admitted as to George Jackson.

    C.

        1.    Admitted as to George Jackson.

        2.    Admitted as to George Jackson.

III. Defendants

    1.    Denied that as of the date of the filing of this Answer, Defendant Stanley Taylor is the Commissioner of the Delaware Department of Correction ("DOC").

    2.    Admitted that as of the date of the filing of this Answer, Defendant Joyce Talley is Bureau Chief of Management Services for DOC.

    3.    Denied that Tony Figario is the Chief of Inspections/Security for DOC.

EX. A

[4.] Denied that Defendant Carl Anson is Chief of Maintenance at the Sussex Correctional Institution ("SCI")

[5.] Because DOC has been dismissed as a Defendant from this action, no response is required.

[6.] Admitted that as of the date of the filing of this Answer, Defendant Michael Knight is the Correctional Food Service Administrator for the Delaware Department of Correction. The remaining allegations are denied, except that it is admitted that, as of the date of the filing of this Answer, Defendants Chris Senato, Debbie Melvin, *Robert* Manuel, Bethany Evans, Wenston White and Steven Raynor are employed as food service staff at SCI. Admitted that Richard Crockett is employed by DOC as food service staff, but denied that he is employed at SCI. Darrell Mullins has not been served with the Amended Complaint and this Answer is not filed on his behalf.

IV.  Statement of Claim

1. Denied that this matter is a class action or that it meets the requirements of Fed. R. Civ. P. 23. Further denied that the current Plaintiffs have standing to assert claims on behalf of individuals who have not been recognized as plaintiffs in this action.

2. (Physical Plant). Admitted that the kitchen consists of older and newer sections, both of which are equipped with commercial cooking and other equipment. The remaining allegations set forth in this paragraph are denied.

3. (Inadequate Ventilation). Denied.

4. Denied.

5. Denied.

6. Denied.


EX. A

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

## RELIEF

1. It is specifically denied that Plaintiffs are entitled to compensatory, punitive or any monetary damages.

2. It is specifically denied that Plaintiffs are entitled to injunctive, declaratory or any other relief.

3. It is specifically denied that Plaintiffs are entitled to attorneys' fees.

## AFFIRMATIVE DEFENSES

4. Plaintiffs have failed to state a claim upon which relief can be granted.

5. Defendants are immune from liability under the Eleventh Amendment.

6. Defendants are entitled to qualified immunity.

7. As to any claims under state law, Defendants are entitled to immunity under the State Tort Claims Act, 10 *Del. C.* § 4001, *et seq.*

8. As to any claims under state law, Defendants are entitled to sovereign immunity in their official capacities.

9. Defendants cannot be held liable in the absence of personal involvement for the alleged constitutional deprivations.

EX. A

10.  To the extent that Plaintiffs seek to hold Defendants liable based on supervisory responsibilities, the doctrine of *respondeat superior* or vicarious liability is not a basis for liability in an action under 42 *U.S.C.* § 1983.

11.  Defendants, in their official capacities, are not liable for alleged violations of Plaintiffs' constitutional rights as they are not "persons" within the meaning of 42 *U.S.C.* § 1983.

12.  Insufficiency of service of process.

13.  Insufficiency of process.

14.  Lack of jurisdiction over the person and subject matter.

15.  This cause of action is barred by the applicable statute of limitations.

16.  These *pro se* Plaintiffs cannot represent their fellow inmates in a class action.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor and against Plaintiffs as to all claims and that attorney fees be awarded to them.

                    STATE OF DELAWARE
                    DEPARTMENT OF JUSTICE

                    /s/ Eileen Kelly
                    Eileen Kelly, I.D. #2884
                    Deputy Attorney General
                    Carvel State Office Building
                    820 North French Street, 6th Floor
                    Wilmington, Delaware 19801
                    (302) 577-8400
                    eileen.kelly@state.de.us

Date:  February 15, 2007         Attorney for Defendants

EX. A

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2007, I electronically filed *Defendants' Answer to the Amended Complaint* with the Clerk of Court using CM/ECF. I hereby certify that on February 15, 2007, I have mailed by United States Postal Service, the document to the non-registered parties on the attached service list.

/s/ Eileen Kelly
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us

5

EX. A

**EMERGENCY GRIEVANCE**

TO: Warden Rick Kearney

FORM #584

**GRIEVANCE FORM**

RECEIVED
JUL 20 2005
SCI WARDEN'S OFFICE

FACILITY: S.C.I. - KITCHEN UNIT

DATE: July 19, 2005

GRIEVANT'S NAME: George A. Jackson

SBI#: 171250

CASE#: 15430

TIME OF INCIDENT: "Ongoing"

RECEIVED
JUL 21 2005
SCI GRIEVANCE CHAIRMAN

HOUSING UNIT: Merit: West

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED IN THE INCIDENT OR ANY WITNESSES.

The Kitchen Unit, primarily if not exclusively the diet and baker area, creates a hazardous work condition to inmate workers by exposing them to harmful levels of extreme heat and humidity caused by inadequate exhaustion ventilation system.

The cumulative impact of this defunct system, produces a grossly unsanitary work environment such as the spread of air-borne and food-borne diseases that poses a serious threat to one's health, and/or the prison population. Inmate workers are constantly experiencing daily symptons of heat exhaustion(excessive sweating, shortness of breath, ect.) from the deprivation of an adequate ventilation at the work place.

The resulting condition("Sweatbox") at the Kitchen Unit, as a whole, is in-compatible with contemporary standards of decency, and is not related to any legitimate correctional or governmental objective.

ACTION REQUESTED BY GRIEVANT: To Have the Kitchen Unit exhaustion ventilation system, designed, constructed, maintained and operated accordingly to the Occupational Safety and Health Aministration(OSHA), Labor § 1926.57 without further delay, and compensate inmate workers for irreparable damages suffered for delayed/denial of a safe and healthy work environment. *FIRST AMENDMENT PROTECTION INVOKED*

GRIEVANT'S SIGNATURE: George A. Jackson   DATE: July 19, 2005

WAS AN INFORMAL RESOLUTION ACCEPTED?   ____(YES)   ____(NO)

(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE: _____   DATE: _____

IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.

cc: INSTITUTION FILE
    GRIEVANT

April '97 REV

EX. B

## Instructions for Submitting a Regular Grievance

Inmates are required, per DOC Procedure 4.4 [Inmate Grievance Procedure] to attempt to resolve complaints prior to filing a regular grievance. Grievances are to be submitted within seven(7) days from the date of the occurance or incident or within seven days after the inmate became aware of the incident. The grievance is to be placed in the grievance box located in each housing unit.

Only one issue per grievance form will be addressed. If the grievance is submitted on a weekend or a holiday, it will be recieved during the next working day.

---

### Return of Unprocessed Grievance

Intake Action: This Grievance Form is being returned to the inmate under the provisions outlined in DOC Procedure 4.4 "Inmate Grievance Procedure" for the following reason(s):

_____ **Vulgar/Abusive or Threatening Language**. The language that is unacceptable has been highlighted. The grievance may be resubmitted omitting this language.

_____ **Non-Grievable**. This issue has been defined as non-grievable in accordance with DOC Policy 4.4. These procedures have their own appeal process that must be followed.    _____Disciplinary Action    _____Parole Decision
_____Classification Action

_____ **Request**. Requests are not processed through the grievance procedure. Please correspond with the appropriate office to secure the information that is requested.

_____ **Duplicate Grievance(s)**. This issue has been addressed previously in Grievance #_____.

_____ **Original Grievances must be submitted** to the Inmate Grievance Chairperson. Photocopies are not accepted.

_____ **Inquiry on behalf of other inmates**. Inmates cannot submit grievances for other inmates.

_____ **Expired filing period**. Grievance exceeds seven(7) days from date of occurrence.


Inmate Grievance Chairperson                                                    Date


Form#: 584 (F&B)
(Reverse Revised July '99)


Ex. C

I/M George A. Jackson Bldg: Merlf
SUSSEX CORRECTIONAL INSTITUTION
P.O. BOX 500
GEORGETOWN, DELAWARE 19947

U.S. District Court
Lock 18
844 N. King Street
Wilmington, DE
19801