IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GEORGE A. JACKSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C. A. No. 05-823-*** |
| | ) | |
| STANLEY TAYLOR, et al., | ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendants. | ) | |

**<u>DEFENDANTS' REPLY IN SUPPORT OF MOTION TO AMEND THE ANSWER</u>**

Pursuant to Fed. R. Civ. P. 15, Defendants hereby move to amend the Answer [D.I. 135] to the Amended Complaint [D.I. 114] to assert the affirmative defense of failure to exhaust administrative remedies under the Prisoner Litigation Reform Act. In further support of this Motion, Defendants state as follows:

1. Plaintiffs George Jackson, Charles Blizzard and Darus Young[1] ("Plaintiffs") have opposed Defendants' Motion to Amend on several grounds. First, they argue that the Motion is being made in "bad faith."

2. Federal Rule of Civil Procedure 15 states that leave to amend "shall be freely given when justice so requires." While the decision of whether to grant or deny a motion to amend is within the discretion of the District Court, the phrase "freely given" shall be accorded full effect. *Foman v Davis,* 371 U.S. 178, 182. Rule 15 should be liberally construed to ensure that all issues are presented to the court. *U.S. for Use and Ben. of B&R, Inc. v. Donald Lane Construction,* 19 F. Supp. 2d 217, 221 (D. Del. 1998).

---

[1] Because only these three Plaintiffs signed the Response to Defendants' Motion to Amend, the Motion is unopposed as to the remaining Plaintiffs.

3.      A motion to amend may be denied when it is made in bad faith. However, this Court has interpreted "bad faith" to mean "actual or constructive fraud; a design to mislead or deceive; or a neglect or refusal to fulfill some duty or contractual obligation not prompted by an honest mistake but rather by some interested or sinister motive." *Id.* at 221 n.6.

4.      In this case, there is no "interested or sinister motive" behind the Motion to Amend. Rather, the record as developed shows a factual dispute as to whether the PLRA's exhaustion requirement was satisfied as to all the Plaintiffs. Thus, Plaintiffs' argument that Defendants have acted in bad faith is without merit.

5.      Plaintiffs also argue that the Motion to Amend would be futile. In support of this argument, Plaintiffs point to language from a grievance procedure indicating that inmates are prohibited from submitting more than one grievance arising from a single incident. Plaintiffs thus claim that Jackson's grievance satisfies the exhaustion requirement for all the Plaintiffs.

6.      However, the applicable grievance procedure also states that if more than one inmate files a grievance on the same incident, the grievances will be consolidated. *See* Excerpt from State of Delaware Bureau of Prisons Procedure 4.4 attached hereto as Exhibit A. Thus, the procedure *does* contemplate multiple grievances by inmates on the same issue. It is undisputed in this case that only Jackson signed and filed the July 19, 2005 grievance at issue. Thus, there remains a fact issue as to whether the exhaustion requirement has been satisfied by all of the Plaintiffs.

7.      Plaintiffs further claim that because the alleged adverse conditions in the kitchen continue, their grievances would not be time-barred, and thus they could file

individual grievances now, if permitted by procedure. This case is not about conditions in the kitchen now. Rather, it is about conditions prior to and up until the filing of the Complaint. Thus, the ability of Plaintiffs to present grievances at this time is irrelevant.

      8.      Finally, Plaintiffs argue that they will be prejudiced by the proposed amendment because their responses to interrogatories were based on the fact that failure to exhaust was not asserted as a defense in the first Answer. There is no scheduling order in place in this case. Plaintiffs are free to supplement their discovery responses at any time. Thus, they can show no prejudice by granting of Defendants' Motion to Amend.

WHEREFORE, Defendants respectfully request that this Court grant their Motion to Amend the Answer to the Amended Complaint.

      **STATE OF DELAWARE**
      **DEPARTMENT OF JUSTICE**

      /s/ Eileen Kelly
      Eileen Kelly, I.D. No. 2884
      Deputy Attorney General
      Carvel State Office Building
      820 North French Street, 6th fl.
      Wilmington, DE 19801
      (302) 577-8400
      eileen.kelly@state.de.us
      Attorney for Defendants

Date: August 7, 2007

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2007, I electronically filed *Defendants' Reply in Support of Motion to Amend the Answer* with the Clerk of Court using CM/ECF. I hereby certify that on August 7, 2007, I have mailed by United States Postal Service, the document to the non-registered parties on the attached service list.

      /s/ Eileen Kelly
      Deputy Attorney General
      Department of Justice
      820 N. French St., 6th Floor
      Wilmington, DE 19801
      (302) 577-8400
      eileen.kelly@state.de.us

*Service List of Non-Registered Parties*

George A. Jackson
SBI No.: 171250
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Darus Young
SBI No.: 282852
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Charles Blizzard
SBI No.: 166670
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Frank Williams
SBI No.: 261867
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Roy R. Williamson
SBI No.: 291856
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Anthony Morris
SBI No.: 300363
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Carl Walker
SBI No.: 173378
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Samuel Jones
SBI No.: 465297
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Darwin A. Savage
SBI No.: 232561
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Gilbert Williams
SBI No.: 137575
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Charles B. Sanders
SBI No.: 160428
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Joseph White
SBI No.: 082985
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Timothy L. Malloy
SBI No.: 171278
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Howard Parker
SBI No.: 165324
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Kevin Spivey
SBI No.: 258693

Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

James Johnson
SBI No.:  155123
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Vernon Truitt
SBI No.:  188191
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Roderick Brown
SBI No.:  315954
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

José Serpa
SBI No.:  350322
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Roger Thomas
SBI No.:  292590
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

John F. Davis
SBI No.:  263753
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Lawrence B. Dickens
SBI No.:  124570
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Eldon Potts
SBI No.:  211193
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Jerome Green
SBI No.:  147772
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Rique Reynolds
SBI No.:  266486
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947