IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GEORGE A. JACKSON, et al., | : |
| Plaintiffs, | : |
| v. | : C. A. No. 05-823-*** |
| STANLEY TAYLOR, et al., | : |
| Defendants. | : |

## MEMORANDUM ORDER

At Wilmington, Delaware, this **15th** day of **August, 2007.**

Defendants move to amend their answer to assert the affirmative defense of failure to exhaust administrative remedies under the Prisoner Litigation Reform Act ("PLRA"). D.I. 184. Plaintiffs, George Jackson ("Jackson"), Charles Blizzard ("Blizzard") and Darus Young ("Young") oppose the motion. D.I. 186. This Memorandum Order addresses defendants' motion to amend their answer.

**Procedural Background**

The matter is a *pro se* prisoner action involving twenty-six plaintiffs who complain about conditions in the Main Kitchen at the Sussex Correction Institution ("SCI") in Georgetown, Delaware. The initial complaint was filed on December 1, 2005. D.I. 2. Defendants Taylor, Talley and Anson answered on September 8, 2006. Plaintiffs were granted leave to amend on October 10, 2006 (D.I. 118) which resulted in the addition of a number of defendants. D.I. 114. On January 3, 2007, an answer was filed on behalf of the original defendants noted above and for added defendants Knight, Senato, Atkins, Melvin, Manuel, White and Evans. D.I. 135. Thereafter, on February 15, 2007,

answers were filed on behalf of defendants Crockett and Raynor.

At present, there is no scheduling order entered in the instant matter.

All plaintiffs in the action at the time the matter was brought were incarcerated. The complaint and amended complaint allege violations under 42 U.S.C. § 1983 in relation to conditions of confinement. In both complaints, all plaintiffs allege that administrative remedies were exhausted pursuant to a grievance that was filed on July 19, 2005 and upheld on October 11, 2005. In their answers, defendants admitted this allegation and did not raise the affirmative defense of failure to exhaust administrative remedies.

**Parties' Positions**

Defendants assert that a factual dispute has arisen as to whether the exhaustion requirement was satisfied to all plaintiffs. According to defendants, the July 19, 2005 grievance was executed and filed by Jackson. *See* D.I. 184, Ex. A. Defendants maintain that there is no evidence that the other plaintiffs either filed their own grievances or signed the Jackson grievance. Defendants further contend that Jackson's response to interrogatory number 14 shows that Jackson filed the grievance, but presented a list of signatures of kitchen workers "who work[ed] or had work[ed] in the kitchen at the R.G.C. hearing." *See* D.I. 184, Ex. B.

Defendants posit that in light of Rule 15 of the Federal Rules of Civil Procedure ("FRCP"), case law in this jurisdiction and the timing of the motion to amend, that there is no evidence of undue delay, bad faith, undue prejudice to the non-moving party and futility of the amendment.

Jackson, Blizzard and Young in their opposition to the motion argue that

because defendants are in possession of the July 19, 2005 grievance and knew or should have known of the sole signature of Jackson on the grievance, defendants' motion should be denied. They conclude that defendants' motion is made in bad faith because the affirmative defense could have been raised in the second answer. Jackson, Blizzard and Young emphasize that Jackson's grievance "supplied all of the information required for the process grievance," and thus, sufficiently advised or put prison officials on notice of the claim and met the exhaustion requirement. See D.I. 186, Ex. B. They note that inmates are prohibited from submitting more than one grievance arising from a single incident by quoting from the prison procedure manual. They maintain that they are prejudiced because of the manner in which they responded to interrogatories.[1] As a result, they contend that defendants' motion should be denied.

**Applicable Law and Analysis**

FRCP 15(a) allows a party to amend a pleading once as a matter of course before a responsive pleading is served. After a responsive pleading is served, a pleading (complaint or answer) may only be amended with the consent of the adverse party or by leave of the court. Generally, such leave is to be freely given. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Moreover, Rule 15 is liberally construed to ensure that all pertinent issues are included and presented to the court. *U.S. for Use and Ben of B&R, Inc. Donald Lane Construction*, 19 F. Supp.2d 217, 221 (D. Del. 1998). It is within the discretion of the court to determine the appropriateness of the proposed

---

[1] According to Jackson, Blizzard and Young, their response to interrogatories were based on the absence of the assertion of failure to exhaust. Of note, only Jackson responded to defendants' interrogatories and certified to the truthfulness of his responses under oath. *See* D.I. 184, Ex. B.

amendment.  In its analysis, the court considers the factors of undue delay, bad faith on the part of the party seeking the amendment, undue prejudice to the opposing party or futility of the amendment.  *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984); *Massarsky v. General Motors Corp.*, 706 F.2d 111 (3d Cir. 1983).

      The parties' arguments show that there is a factual dispute regarding the exhaustion of remedies under the PLRA.  From the facts presented, it is not clear that exhaustion has occurred on behalf of all plaintiffs.  It is an appropriate issue to be presented to and considered by the court.

      Jackson, Blizzard and Young's reliance on one section of the grievance procedure is misplaced.  Although the procedure prevents inmates from submitting more than one grievance arising from a single incident, the following section recognizes that more than one inmate may file a grievance regarding the same incident.  In that situation, the staff investigations and hearings are consolidated into single "group grievance," with all individuals involved to be notified.  Jackson's grievance asserts that the kitchen unit "creates a hazardous work condition to inmate workers" which results in those workers "constantly experiencing daily symptoms of heat exhaustion (excessive sweating, shortness of breath, ect [sic]" from inadequate ventilation.  Only Jackson's signature is on the grievance document.  Although Jackson maintains that his grievance was filed on behalf of present and former inmate kitchen workers, he fails to identify in any reasonable fashion which workers, beyond the generic "kitchen workers" suffered from the health problems as he noted.  Further, he fails to identify any time period for former kitchen workers who had exposure to inadequate ventilation.  The content of his grievance raises whether adequate notice to prison officials was provided to meet the

PLRA.  Moreover, without the identification of which inmate workers worked in the kitchen unit, past and present, it is not clear whether they participated in the grievance hearing.  As a result, defendants motion to amend is not futile. Further, contrary to the opposition, the prison procedures have a system that contemplates multiple inmate complaints regarding the same problem and a procedure to deal with that situation.

Jackson, Blizzard and Young argue that defendants' failure to raise the affirmative defense of failure to exhaust administrative remedies affected their responses to defendants' interrogatories.  Under Rule 26(e), there is a continuing, affirmative obligation to amend or supplement discovery responses, when a party is aware or should be aware that his prior responses in some material respect are incomplete, misleading or incorrect .  Therefore, no prejudice exists since there is nothing that would operate to prevent them from appropriately updating their prior discovery responses.

At present, there is no scheduling order in this matter.  There is no cut-off date for discovery, amendment of pleadings or filing of case dispositive motions.  As a result, the timing of defendants' motion does not suggest undue delay. Rule 8 is subject to the court's discretion and Rule 15 language that "leave shall be freely given when justice so requires."  Therefore,

IT IS ORDERED that defendants' motion to amend (D.I. 184) is GRANTED. Defendants' proposed amended answer as found at D.I. 184, Ex. C shall be docketed consistent with LR 15.1 (amended June 30, 2007).

/s/ Mary Pat Thynge  
UNITED STATES MAGISTRATE JUDGE