OFFICE OF THE U.S. MAGISTRATE
**UNITED STATES DISTRICT COURT**
DISTRICT OF DELAWARE
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

AUG 2 1 2007
SCI MAILROOM

Roger Thomas
SBI #292590
SCI
P.O. Box 500
Georgetown, DE 19947

NIXIE    197  4C  1         25  08/23/07
      RETURN TO SENDER
      ATTEMPTED - NOT KNOWN
      UNABLE TO FORWARD
BC: 19801         *1827-17392-23-27

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE



| | | |
|---|---|---|
| GEORGE A. JACKSON, et al., | : | |
| Plaintiffs, | : | |
| v. | : | C. A. No. 05-823-*** |
| STANLEY TAYLOR, et al., | : | |
| Defendants. | : | |

### SCHEDULING ORDER

At Wilmington, this **16th** day of **August, 2007.**

IT IS ORDERED that the Scheduling Order for the above-captioned matter is as follows:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>. Unless already completed, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within fifteen (15) days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

2. <u>Joinder of other Parties and Amendment of Pleadings</u>. The time period in which to file motions to join other parties is closed. Any motion to amend or supplement the pleadings shall be filed on or before September 28, 2007.

3. <u>Discovery</u>

    a. <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of 15 hours of taking testimony by deposition upon oral examination.

    b. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    c. <u>Discovery Cut Off</u>. **All discovery** in this case shall be initiated so that it will be completed on or before April 1, 2008. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    d. <u>Disclosure of Expert Testimony</u>. The initial Federal Rule 26(a)(2) disclosure of plaintiffs' expert testimony is due on or before January 15, 2008. Defendants' disclosure of their expert testimony is due on or before February 29, 2008. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

    To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later

than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

      e.    **Discovery Disputes**. Should the parties find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6173 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. **Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s).** Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

    4.    <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on

a proposed form of order, the counsel must first follow the provisions of Paragraph 3e above.

Any proposed order should include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6. <u>Interim Status Report</u>. On February 1, 2008, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

7. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before April 28, 2008. Briefing will be presented pursuant to the Court's Local Rules.

10. <u>Applications</u>. Unless otherwise requested by the Court, no copies of papers or correspondence shall be mailed or delivered to Chambers. **Any non-dispositive motion should contain the statement required by Local Rule 7.1.1**

4

Dates for the pretrial conference, submission of the proposed pretrial order and trial will be scheduled after decision on all case dispositive moitions.

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE