IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GEORGE A. JACKSON, et al., | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 05-823-*** (MPT) |
| STANLEY TAYLOR, et al., | : | REQUEST FOR ADMISSIONS |
| Defendants. | : | |

REQUEST FOR ADMISSION, SET NUMBER 20 ARE PROPOUNDED

TO: Defendants Stanley Taylor, Joyce Talley and Carl Anson

BY: Plaintiff George A. Jackson

YOU ARE HEREBY REQUIRED TO ADMIT the truthfulness of each of the facts set forth below; and the genuineness of each document, a copy of which is attached to this Request.

EACH OF THE FOLLOWING FACT IS TRUE:

1. Plaintiff George A. Jackson's July 19, 2005, grievance was filed as an "Emergency Grievance" and received by the SCI Warden's Office on July 20, 2005.

2. Plaintiff George A. Jackson's July 19, 2005, "Emergency Grievance" was not returned to the inmate for processing through the normal Inmate Grievance Procedure (IGP) by the SCI Warden's Office.

3. Plaintiff George A. Jackson's July 19, 2005, "Emergency Grievance" was received by the Chairman on July 21, 2005.

4. Plaintiff George A. Jackson's July 19, 2005, "Emergency Grievance" was not returned to the inmate as unprocessed grievance by the SCI Grievance Chairman.

5. During all times relevant to the filing and reviewing of Plaintiff George A. Jackson's "emergency grievance", the Inmate Grievance Chairman was Michael J. Atallian.

6. A description of George A. Jackson's "emergency grievance" states, "Inmate workers are constantly experiencing daily symptoms of heat exhaustion (excessive sweating, shortness of breath, ect.) from the deprivation of an adequate ventilation at the work place."

7. A description of George A. Jackson's "emergency grievance" states, "...and compensate inmate workers for irreparable damages suffered for delay/ denial of a safe and healthy work environment."

8. All twenty-five named Plaintiffs was committed to the custody of the Department of Corrections, and work at the SCI main kitchen between July 2003 thru July 2005 as inmate kitchen workers.

9. DOC Food Service Department, does not maintain certification records of SCI main kitchen, containing the name of person who performed the inspection of the kitchen.

10. Defendants have completed ServSafe training requirements as part of their training as a DOC Food Service correctional officer.

11. DOC Food Service staff has not been train or educated in the recognition, aviodance and prevention of unsafe conditions at the SCI main kitchen.

12. George A. Jackson's July 19, 2005, "Emergency Grievance" was granted in favor of the grievant by all three (3) levels of the Inmate Grievance Procedure.

13. Since the filing of George A. Jackson's July 2005, "Emergency Grievance" the exhaust ventilation system on the "old-side of the SCI main kitchen, has not been replace, maintained and operated as to ensure the required protection by maintaining a volume and velocity of exhaust air sufficient to gather dusts, fumes, vapors, or gases from the numerous commercial-size convectional, conventional ovens and other commercial equipment.

14. The exhaust system shall be in operation continually during all

operations which it is designed to served.

15. There are seven (7) inmate housing buildings within the SCI prison compound.

16. According to the Inmate Grievance DOC Policy 4.4, V procedure:

    H. INMATES ARE PROHIBITED FROM SUBMITTED MORE THAN ONE GRIEVANCE ARISING FROM A SINGLE INCIDENT.

17. Plaintiff George A. Jackson's July 19, 2005, "emergency grievance" was a job issue.

18. All inmate kitchen workers while working in the SCI main kitchen, are housed in the same building.

19. There were no established and supervised programs for DOC Food Service staff at the SCI main kitchen prior to July 19, 2005, for the education and training of food service staff in the recognition, avoidance and prevention of unsafe conditions at the SCI main kitchen.

20. Employers need to periodically evaluate their training programs to see if the necessary skills, knowledge and routines are being properly understood and implemented by their trained employees.

George A. Jackson, pro se
SBI #00171250
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

CERTIFICATE OF SERVICE

I, George A. Jackson, pro se, hereby certify that on the 3rd, day of November, 2007, I forward a copy of **REQUEST OF ADMISSIONS** to Defendants Stanley Taylor, Joyce Talley and Carl Anson, by placing said document in the SCI prison U.S. mail box pre-paid postage to be forward to:

Catherine Damavandi
Deputy Attorney General
Department of Justice
Carvel Building
820 North French St., 6th Fl.
Wilmington, DE  19801
**Attorney for Defendants**

George A. Jackson
SBI#00171250
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE  19947

I/M: George A. Jackson   BLDG: Merit:W
SUSSEX CORRECTIONAL INSTITUTION
P.O. BOX 500
GEORGETOWN, DELAWARE  19947

U.S. POSTAGE $00.41 PB2230370
NOV 05 07
19947

UNITED STATES DISTRICT COURT
LOCKBOX 18
844 North King Street
Wilmington, Delaware  19801

U.S.M.S
XRAY