IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GEORGE A. JACKSON, et al., | : |
| Plaintiffs, | : |
| v. | : Civil Action Action No. 05-823-*** (MPT) |
| STANLEY TAYLOR, et al., | : MOTION FOR LEAVE FOR DEPOSITIONS |
| | : UPON ORAL EXAMINATION OF ALL |
| Defendants. | : NAMED PLAINTIFFS |

Plaintiff George A. Jackson requests, pursuant to Federal Rule of Civil Procedure 30(a)(2), 31(a)(2), 30(a)(2)(A) and 31(a)(2)(A), to have Defendants' counsel(s) take depositions upon oral examination of all named Plaintiffs, and states the following:

1. On December 1, 2005, twenty-five (25) Plaintiffs-inmates filed a 1983 civil action seeking class status and on behalf of all individuals who have been committed to the DDOC, and who have been, are now, or in the future will be, classified to work at the main kitchen unit at SCI prison. (D.I. 2 )

2. Plaintiffs allege that the "old-side" system has not worked since 1997, and there is inadequate ventilation and air flow at the SCI main kitchen which results in excessive heat and extreme humidity.

3. Defendants Knight, Senato, Melvin, Atkins, White, Manuel and Raynor submitted to deposition upon written questions at the J. Caleb Boggs Federal Building, on September 25 & 26, 2007.

4. A review of the Defendants' written answers are expressly inconsistent and incomplete. In fact, defendants' counsel(s) instructed them not to provide any information regarding any discussion with their counsel(s).[1] (Exhibit "A")

---

[1] Plaintiff was under the impression when drafting his written questions to the defendants, that he could ask the defendants about any pre-deposition disussions with their counsel, since pre-deposition discussions aren't "privileged".

5. Since Plaintiffs have first hand knowledge of the condition of the SCI main kitchen before the filing of this civil action, and the changes or no changes since the filing of this action. The taking of the depositions is to get the truth for use on, and preparation for, trial, matters with respect to issues file in their complaint.

6. Plaintiff Roger Thomas, SBI No. 292590, has been release from the custody of the Department of Corrections.

7. Plaintiffs John F. Davis, SBI No. 263753 and Eldon Potts, SBI No. 211193, are both in work release of the Department of Corrections. ( Davis is at SCI Work Release, Georgetown, DE; Potts is at MCI Work Release, Dover DE.)

8. Plaintiff Anthony Morris, SBI No. 300363, is now incarcerated at the Delaware Correctional Center (DCC), Smyrna, DE.

9. The remaining 21 named Plaintiffs are incarcerated at the Sussex Correctional Institution, Georgetown DE.

10. Defendants are represented by the Department of Justice, who through the years conducted deposition by oral examination at SCI prison and DCC prison through arrangement with prison personnel.

11. Defendants' counsel(s) has the means and fiancial resources through the Department of Justice and Department of Corrections to depose named Plaintiffs.

WHEREFORE, Plaintiff George A. Jackson prays that this Court issue an Order directing Defendants' counsel(s) to take the testimony of the named Plaintiffs by depositions on oral examination for use as evidence in the action.

11/5/2007

George A. Jackson
SBI#00171250
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE  19947

## CERTIFICATE OF SERVICE

I, George A. Jackson, pro se, hereby certify that on this 5th day of November 2007, I forward one (1) copy of attached MOTION FOR LEAVE FOR DEPOSITIONS to Defendants' counsel by placing said copy in the SCI prison U.S. mailbox with U.S. postage, to be forward to:

Catherine Damavandi
Deputy Attorney General
Department of Justice
Carvel Building
820 North French, 6th Fl.
Wilmington, DE 19801
Attoney for Defendants

George A. Jackson, pro se
SBI#00171250
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

