# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GEORGE A. JACKSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C. A. No. 05-823-*** |
| | ) | |
| STANLEY TAYLOR, et al., | ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
FOR LEAVE TO BE PRESENT AT PLAINTIFFS' DEPOSITIONS**

Defendants hereby oppose Plaintiff's *Motion for Leave to be Present at Plaintiffs' Depositions* [D.I. 239], and in support thereof, state as follows:

1.   Plaintiff George Jackson ("Mr. Jackson") is an incarcerated individual at Sussex Correctional Institution ("SCI") in Georgetown, Delaware. He has filed a Motion requesting leave to be present at any deposition that the Defendants take of the other 25 Plaintiffs in this civil rights action. The pending Motion is signed by Mr. Jackson only.

2.   In previous Court filings, Mr. Jackson has described himself as the representative of the plaintiffs' class. It appears that Mr. Jackson believes he represents all Plaintiffs, as he consistently fails to serve the other 25 Plaintiffs (who have scant or non-existent participation in this matter) with copies of his court filings. However, this matter is not a class action and, as a non-attorney, Mr. Jackson cannot represent the Plaintiffs. It is unclear whether Mr. Jackson's motion asserts the right to attend depositions for himself alone, or for the right of any of the 26 Plaintiffs to attend a deposition, if they choose to do so in the future.

3.     In the recent past, Mr. Jackson boldly asked this Court for an order directing Defendants to arrange for the depositions of the Plaintiffs at Defendants' expense. *D.I.221* He wanted the Plaintiffs to be deposed "for use on, and preparation for, trial, matters with respect to issues file [sic] in [Plaintiffs'] complaint." *D.I.221 at ¶5*. He explained that the Plaintiffs' depositions would be used by Plaintiffs "as evidence in the action." *Id, final paragraph*. These requests have been denied by the Court. *D.I.185, D.I.240*

4.     Mr. Jackson's current motion appears to be another "back-door attempt to circumvent the court's prior decision" [D.I.240] rejecting Mr. Jackson's notion that Defendants should arrange or pay for depositions at the Plaintiffs' behest.  Given Mr. Jackson's prior motions, he may be motivated to attend these depositions so he can ask questions of the deponents, make objections on behalf of the Plaintiffs, and otherwise build his case for trial.  This would constitute the unauthorized practice of law.

5.     Moreover, for the safety and security of those attending the depositions and to prevent the possibility of escape, Mr. Jackson and other named plaintiffs should not attend any depositions to which they are not deponents.

6.     "An incarcerated plaintiff has no constitutional right to attend the depositions taken in his civil action." *In re Wilkinson*, 137 F.3d 911, 914 (6th Cir. 1998). "In order to attend a deposition, then, the inmate has the burden of producing evidence that will convince the district court that his attendance at this particular deposition is required.  This includes a demonstration that his physical presence will contribute significantly to the fair adjudication of his claim.  Furthermore, when determining

whether the prisoner has made a specialized showing of need, the courts must consider the interests of prison officials as well as the inmate." *Id.* at 915.

7.     First, Mr. Jackson has failed to demonstrate how his presence at these depositions is either required or will contribute significantly to the fair adjudication of his claim. Here, the deponents are his fellow Plaintiffs, who will presumably not challenge Mr. Jackson's version of events alleged in his complaint.

8.     Second, Mr. Jackson's request presents serious security concerns. *See* attached Exhibit 1, Affidavit of SCI Warden Mike Deloy. *See, also,* Affidavit of Warden Deloy regarding Mr. Jackson's request to inspect the SCI kitchen, D.I.181 (Exhibit A). Allowing inmates to attend depositions increases their movement in the prison, raising the likelihood of an escape or disturbance. Plaintiffs' criminal and disciplinary records raise additional security concerns. Some of the Plaintiffs are incarcerated at SCI for committing violent offenses such as First Degree Murder, First Degree Assault, Unlawful Sexual Intercourse, First Degree Robbery, Robbery with Kidnapping, and Escape After Conviction. These violent and dangerous offenders should be segregated, rather than brought together at SCI.

9.     As noted above, the Warden of SCI has determined that Mr. Jackson and the other named Plaintiffs should not be permitted to attend depositions to which they are not deponents. *See* Exhibit 1. The United States Supreme Court has held that "[p]rison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. Such considerations are peculiarly within the province and professional expertise of corrections officials, and, in the absence

3

of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." *Bell v. Wolfish,* 441 U.S. 520, 547-48 (1979).

10. In a prison setting, the presence of contraband and the risk of inmate escape pose significant threats to security. These dangers outweigh any interest Mr. Jackson (or any other Plaintiff) might have in sitting in on depositions. *See Neumeyer v. Beard*, 421 F.3d 210, 214 (3d Cir. 2005) (upholding prison's practice of engaging in suspicionless searches of visitors' vehicles to prevent smuggling of contraband). Thus, Mr. Jackson's request to allow his (or any other Plaintiff's) attendance at depositions must be denied.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff's *Motion for Leave to be Present at Plaintiffs' Depositions*.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Catherine Damavandi
Catherine Damavandi (ID # 3823)
Deputy Attorney General
Delaware Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400

Attorney for State Defendants

DATE: January 3, 2008

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GEORGE A. JACKSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C. A. No. 05-823-*** |
| | ) | |
| STANLEY TAYLOR, et al., | ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendants. | ) | |

## **ORDER**

IT IS SO ORDERED, this _____ day of _____, 2008, that Plaintiff George Jackson's *Motion for Leave to be Present at Plaintiffs' Depositions* is hereby **DENIED.**

							_____
							Judge

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GEORGE A. JACKSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C. A. No. 05-823-*** |
| | ) | |
| STANLEY TAYLOR, et al., | ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2008, I electronically filed *Defendants' Response to Plaintiff's Motion for Leave to be Present at Plaintiffs' Depositions* with the Clerk of Court using CM/ECF. I hereby certify that on January 3, 2008, I have mailed by United States Postal Service, the document to the non-registered parties on the attached service list.

                **STATE OF DELAWARE**
                **DEPARTMENT OF JUSTICE**

                /s/ Catherine Damavandi
                Catherine Damavandi (ID # 3823)
                Deputy Attorney General
                Delaware Department of Justice
                820 N. French Street, 6th Floor
                Wilmington, DE 19801
                (302) 577-8400

                Attorney for State Defendants

DATE: January 3, 2008

*List of Non-Registered Parties*

George A. Jackson
SBI No.: 171250
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Darus Young
SBI No.: 282852
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Charles Blizzard
SBI No.: 166670
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Frank Williams
SBI.: 261867
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

Roy R. Williamson
SBI No.: 291856
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Anthony Morris
SBI.: 300363
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Carl Walker
SBI No.: 173378
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Samuel Jones
SBI.: 465297
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

Darwin A. Savage
SBI No.: 232561
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Gilbert Williams
SBI.: 137575
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

Charles B. Sanders
SBI No.: 160428
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Joseph White
SBI.: 082985
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

Timothy L. Malloy
SBI No.: 171278
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

Howard Parker
SBI No.: 165324
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

Kevin Spivey
SBI No.: 258693
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

James Johnson
SBI No.: 155123
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Roderick Brown
SBI No.: 315954
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Roger Thomas
SBI No.: 292590
22249 Cubbage Pond Road
Lincoln, DE 19960

Lawrence B. Dickens
SBI No.: 124570
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Jerome Green
SBI No.: 147772
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

Rique Reynolds
SBI No.: 266486
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE  19947

Vernon Truitt
SBI No.: 188191
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

José Serpa
SBI No.: 350322
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE  19947

John F. Davis
SBI No.: 263753
SCCC
Route #6, P.O. Box 700
Georgetown, DE  19947

Eldon Potts
SBI.: 211193
Morris Community Corrections
300 Water Street
Dover, DE  19901