IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GEORGE A. JACKSON, et al., | : | |
| Plaintiffs, | : | |
| v. | : | C. A. No. 05-823-*** |
| STANLEY TAYLOR, et al., | : | |
| Defendants. | : | |

**O R D E R**

At Wilmington this **24th** day of **January, 2008**,

On December 10, 2007, plaintiff Jackson ("Jackson") filed a motion for leave requesting that he be present at all depositions taken of the plaintiffs in this matter (D.I. 239). Defendants responded to that motion on January 3, 2008. D.I. 248. As a result of the court's review of the arguments presented,

IT IS ORDERED that:

1. Regarding Jackson's request to be present for the deposition of each plaintiff noticed by defendants, there are 26 plaintiffs in this matter. Only Jackson signed the motion. As the court has stressed in prior orders, this action is not a class action and Jackson is not representing nor may he represent the other plaintiffs. For the most part, except for Jackson, beyond filing their initial complaints, the other 25 plaintiffs have not pursued or participated in this matter. Two plaintiffs, in addition to Jackson, merely signed their names to a couple motions. In addition, on a number of occasions, the court has had to seek out certain plaintiffs who failed to provide the court

with updated address information.  Therefore, the court views Jackson's motion for leave to be present at plaintiffs' deposition as a motion brought solely on behalf of himself.  The court does not view Jackson's motion as a request to require defendants to depose plaintiffs.  If it is, that request has been previously addressed and was denied.

        2.      In opposition to plaintiff's motion, defendants, in part, rely on the affidavit of Mike Deloy, the Warden of Sussex Correction Institution ("SCI"), where Jackson is housed.  The Warden emphasizes the security concerns in allowing Jackson's request, including, but not limited to increased likelihood of escape or disturbances, increased use of correctional staff for additional security which the facility does not have and the criminal and disciplinary records of plaintiffs, including Jackson.  Certain of the plaintiffs are serving terms for crimes of violence, including murder 1st degree.  Other have convictions for assault 1st, unlawful sexual intercourse, 1st degree robbery with kidnaping, 1st degree robbery and escape after conviction.  Moreover, Jackson is presently serving a sentence of over thirty years, which includes conviction on the offense of causing physical injury to another during the commission of a robbery.  Such offenses, enumerated above, are considered crimes of violence.  The Warden's concerns are very compelling.

        3.An incarceratedplaintiff has no constitutional right to attend depositions taken in his civil action.  *In re Collins,* 73 F.3d 614, 615 (6th Cir. 1995).  Because incarceration results in the limitation of many privileges and rights which is "justified by the consideration underlying our penal system[,]" [a]mong those so limited is the otherwise unqualified right given by" 28 U.S.C. § 1654.  *See Price v. Johnson,* 334

U.S. 266, 285-86 (1948), *overruled on other grounds by McCleskey v. Zant*, 499 U.S. 467 (1991). Applying the Supreme Court's reasoning, other jurisdictions have determined that "'[g]enerally speaking, prisoners who bring civil actions, including prisoners who bring actions under the rights statute, 42 U.S.C. § 1983, have no right to be personally present at *any* stage of the judicial proceedings.'" *Holt v. Pitts,* 619 F.2d 558, 560 (emphasis added).

    4.    The administration of state prisons falls within the purview of the states, as part of their sovereign power to enforce the criminal law. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). "It is difficult to imagine an activity in which a state has a stronger interest, or one that is more intricately bound up with state laws, regulations, or procedures, than the administration of prisons." *Id.* Moreover, [i]n order to attend a deposition, then, the inmate has the burden of producing evidence that will convince the district court that his attendance at this particular deposition is required." *In re Wilkinson*, 137 F.3d 911, 915 (6th Circuit 1998). To meet that burden, an inmate must demonstrate that "his physical presence will contribute significantly to the fair adjudication of his claim. Furthermore, when determining whether the prisoner has made a *specialized showing* of need, the court must consider the interests of the prison officials as well as the inmate." *Id.* No such showing has been provided, or even suggested.

    5.    In evaluating the security risks involved, the importance of the testimony of a co-plaintiff who has done nothing, or little to pursue his case, Jackson's security history and the security history of the other plaintiffs, the limited availability of prison

staff to address added security issues, the number of inmate plaintiffs in this action and the similarity between the claims raised by the other plaintiffs and Jackson compel this court to deny Jackson's motion. Therefore, Jackson's motion for leave (D.I. 239) is DENIED.

                                                             /S/ Mary Pat Thynge
                                              United States Magistrate Judge