IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GEORGE A. JACKSON, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civ. No. 05-823-SLR-LPS ) |
| STANLEY TAYLOR, et al., | ) ) ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 15th day of April, 2008,

IT IS ORDERED that:

1. Plaintiffs' request for appointment of independent expert is **denied** without prejudice. (D.I. 165.) Rule 706 provides that the trial judge has broad discretion to appoint an independent expert answerable to the court, whether sua sponte or on the motion of a party. Ford v. Mercer County Corr. Ctr., 171 Fed. Appx. 416, 420 (3d Cir. 2006). The policy behind the rule is to promote the jury's factfinding ability. Id. (citations omitted). See Ledford v. Sullivan, 105 F.3d 354, 359-60 (7th Cir.1997) (jury could comprehend whether plaintiff's medical needs were "serious" without the aid of a court-appointed expert). At this stage of the proceedings it is not clear that expert testimony is necessary.

2. Plaintiffs' motion for appointment of counsel (D.I. 183) is **denied** without prejudice. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made

only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

    3. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

    4. Plaintiffs, all incarcerated individuals, move for appointed counsel on the bases that there are numerous plaintiffs housed in different buildings throughout the prison; they have limited access to the law library; the lead plaintiff George A. Jackson ("Jackson"), as a non-attorney, cannot represent the other plaintiffs; Jackson's legal materials were seized some time prior to June 22, 2007; additional discovery is required; the case may require expert testimony; and the testimony will be in sharp conflict.

    5. It is evident from his filings that, to date, plaintiffs' claims have been

adequately pursued. Upon consideration of the record, the court is not persuaded that appointment of counsel is warranted at this time. Plaintiffs have ably pursued this litigation, and the court sees no special circumstances requiring the appointment of counsel. Further motions for appointment of counsel shall be deemed denied without prejudice to renew should any of plaintiffs' claim survive summary judgment.

_____
UNITED STATES MAGISTRATE JUDGE