IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RECEIVED

MAY 29 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

GEORGE A. JACKSON, et al.,        )
                                  )
          Plaintiffs,             )
                                  )
   v.                             )   C.A. No. 05-823-SLR
                                  )
STANLEY TAYLOR, et al.,           )   JURY TRIAL REQUESTED
                                  )
          Defendants.             )

## MOTION TO COMPEL DISCOVERY

Plaintiff George A. Jackson, pursuant to Rules 34(b) and 37(a), Fed.R.Civ.P.,
for an order compelling the defendant's counsel to forward the oral deposition
of plaintiffs George A. Jackson, Carl Walker and Vernon Truitt to the said
plaintiffs as part of discovery in this case. Plaintiff state as follow:

1. Counsel for Defendants wished to depose Plaintiff Jackson as part of
discovery in this case.  [D.I. 257]

2. Counsel for Defendants depose Plaintiff Jackson on March 20, 2008  at
the Sussex Correctional Institution. **"See Attached Affidavit"**

3. Counsel for Defendants forward Plaintiff Jackson within a week a copy
of his deposition to make any correction or changes.  Plaintiff made necessary
changes or corrections and return immediately back to Counsel for the Defendants.

4. The discovery deadline in this matter was April 1, 2008.

5. Plaintiff Jackson received Defendants' Motion for Summary Judgment
dated May 19, 2008.  In that their motion, their counsel makes an independent
argument in reference to plaintiffs Jackson, Walker and Truitt depositions on
page 5 of the Memorandum of Points and Authorities in Support of Their Motion
for Summary Judgment. But Plaintiff Jackson (and presumely other plaintiffs)
was not provided with the relevant depositions after made corrections. *I have
since learned Plaintiff Truitt has his deposition.*

6. Under this Court's standards for reviewing a motion for summary judgment, plaintiff must establish that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Hersh v. Allen Products Co., Inc., 789 F.2d 230, 232 (3d Cir. 1986). The discovery sought is not only proper but is highly appropriate and relevant

7. Counsel for the Defendants clearly stated in her Motion For Leave To Depose Plaintiffs (Jackson, Walker and Truitt), that she wishes to depose ... "as part of discovery in this case." Plaintiff Jackson complied with all the requirements at the oral deposition. In the discovery stage, relevance is construed "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case." Oppenheimier Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978)(footnote omitted); accord, Weiss v. Amoco Oil Co., 142 F.R.D. 311, 315 (S.D.Iowa 1992). Discovery request should be allowed "unless it is clear that the infomation sought can have no possible bearing upon the subject matter of the action." La Chemise Lacoste v. Alligator Co., Inc., 60 F.R.D. 164, 171 (D.Del. !973). The depositions of the plaintiffs is relevant to the claims and defenses in the case. Counsel for Defendants was under a legal duty to forward the deposition to the plaintiffs once the corrections or changes was made by plaintiffs.

For these reasons the material sought is relevant and should be produced.

## CONCLUSION

For the foregoing reasons, that Counsel for the Defendants did not produce the deposition of the plaintiffs through the require discovery prior to filing Defendants' Motion for Summary Judgment, the Court should "STRICKEN" their Motion and grant Plaintiff Jackson's motion to compel discovery, or alternatively

issued an delay in Plaintiffs' Opposition to Defendants' Motion For Summary

Judgment until discovery of depositions are completed by Counsel for

Defendants.

George A. Jackson#00171250
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE  19947

DATED: 5/27/08

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

GEORGE A. JACKSON, et al.,     )
                                    )
        Plaintiffs,     )
                                    )
    v.                      )    C.A. No. 05-823-SLR
                                    )
STANLEY TAYLOR, et al.,     )    JURY TRIAL REQUESTED
                                    )
        Defendants.     )

## CERTIFICATE OF SERVICE

I hereby certify that on May 22ᵗʰ, 2008, I filed **Motion to Compel Discovery**

**and Affidavit in Support of Motion to Compel** with the Clerk of Court. I hereby

certify that on May 22ᵗʰ, 2008, I have mailed by United States Postal Service

at the Sussex Correctional Institution, the said document to:


Catherine Damavandi
Deputy Attorney General
State of Delaware
Department of Justice
820 N. French Street, 6th Fl.
Wilmington, DE  19801
Attorney for State Defendants


5/27/2008