IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GEORGE A. JACKSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No 05-823-SLR |
| ) | |
| STANLEY TAYLOR, et al., ) | JURY TRIAL REQUESTED |
| ) | |
| Defendants. ) | |

**DECLARATION IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

FILED JUN 1 3 2008 U.S. DISTRICT COURT DISTRICT OF DELAWARE

Darwin A. Savage declares under penalty of perjury:

I am a plaintif in the above entitled case. I make this declaration in opposition to defendants' motion for summary judgment on the Eighth Amendment condition of confinement claim against the named defendants.

    2.  The defendants' affadivits claim, in summary, that they train inmate kitchen workers, that there never been an instance where inmate kitchen worker or DOC Food Service Staff's health was affected due to kitchen temperature. They state that DOC Food Staff are exposed to the same temperatures and conditions.

    3.  The defendants are not entieled to summary judgment because there are genuine issues of material fact to be resolved.

    4. When I fist started in the kitchen, I was assigned to work in the "old-side" kitchen area as a diet cook asistance. I was trained by inmate George A. Jackson who had worked in the kitchen longer than any other inmate or DOC Food Service Staff. He was the head diet cook and during the filing of this action, Plaintiff Jackson had worked in the kitchen since November, 1992.

    5.  During the time I worked in the kitchen, I remember when it was so hot and humid on the "old-side" kitchen that the floors remain wet and I personally slip and fell and hurt my back. The kitchen staff sent me to the medical

department, and they gave me time off from the kitchen. Due to the inadequate ventilation system on the "old-side" kitchen, whatever the temperatures are outside it would substantially increased inside due to all the commericial size equipment being operated.

6. DOC Food Staff, are not exposed to the same excessive condition through the day. They have the luxury to sit in the office as they want while inmate kitchen workers must remanied in the excessive and extreme conditions for the duration of the shift.

7. Contrary to defendants' affidavits, during the time I worked in the kitchen, if you refused to work or quit as an inmate kitchen worker, you would received a major prison infraction, immediate classification, where you will received more points, and classify to an higher security building.

8. The foregoing factual allegations create a genuine issue of material fact and will, if proven at trial, entitle me to judgment.

_____
Darwin Savage

SWORD AND SUBSCRIBED to me on this 5th day of June, 2008.

_____
Notary Public

JUDITH ANN LEDERMAN
NOTARY PUBLIC, STATE OF DELAWARE
My Commission Expires August 28, 2009

## CERTIFICATE OF SERVICE

I, Darwin Savage, hereby certify that I have served a true and correct copy of the attached Deposition upon the following person/s below:

| NAME | STREET | CITY/STATE/ZIP |
|------|--------|----------------|

Catherine Damavandi
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE 19801

By placing same in a sealed, postage pre-paid envelope and depositing same in the United States Mail at Sussex Correctional Institution, P.O. Box 500, Georgetown, Delaware 19947.

This 11th day of June, 08.

Darwin Savage

DAWN SAVAGE
I/M:
BLDG: Merit: W
SUSSEX CORRECTIONAL INSTITUTION
P.O. BOX 500
GEORGETOWN, DELAWARE 19947

WILMINGTON DE 197
12 JUN 2008 PM 3 L

U.S.M.S
X-RAY

U.S. District Court
Lock Box 18
844 N. King St.
Wilmington DE
19801