IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GEORGE A. JACKSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A No. 05-823-SLR |
| ) | |
| STANLEY TAYLOR, et al., ) | JURY TRIAL REQUESTED |
| ) | |
| Defendants. ) | |

**DECLARATION IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

FILED JUN 17 2008

James Johnson declares under penalty of perjury:

1. I am a plaintiff in the above entitled case. I make this declaration in opposition to defendants' motion for summary judgment on the Eighth Amendment condition of confinement claim on the basis of the "old-side" kitchen area, at the SCI prison.

2. Defendant Senato's Affidavit claim, in summary, that DOC Food Staff trained inmate kitchen workers, that there has been no instances of any inmate workers or DOC Food Staff have been injured by the condition of the kitchen. Defendant Senato claim SCI maintenance crew performs preventive maintenance on the ventilation exhaust system, by replacement fan belts on the hood motors.

3. Defendant Knight's Affidavit claim, in summary, that there are monthly inspections which includes checking the exhaust ventilation systems by the facility's maintenance staff. Defendant Knight also claim that a parasite (1) found in a beef cube steak, and it was pointing towards food tampering.

4. The Defendants' Affidavit of Patricia Ditto, in summary, claim that inmate kitchen workers are not force to work in the kitchen.

5. I started working in the SCI kitchen in 1995, when there was only the "old-side" kitchen, whereas the outdated and old ventilation hood system never worked. When they expanded the kitchen in 1997 by adding the "new-side" which

included a brand new exhaust hood ventilation system. But when it came time for the outside contractors to replace the outdated and non-working exhaust hood ventialation system on the "old-side" kitchen, they institution did not want the contractors to take out the unit because it would leave a hole in the roof, which an inmate could escape. So the "old-side" ventilation system was never replace. I was the baker during that time, and I work only in the "old-side" kitchen area. The exhaust hood ventilation system on the "old-side" never worked. In fact, there are no switches or buttoms on the unit to start the system. I had to bake cakes, pies, biscuits and other bake desserts with an inadequate exhaust hood ventialation system that remove no heat, fumes, gases, and smoke from the kitchen area. I had to use floor fans which was blowwing only hot air, dust and lint.

6. I was never train by DOC Food Staff. In fact, I was the most experienced cooked in the kitchen. Contrary to Defendant Senato's Affidavit, in 2002 I became so hot and over heated that I was sent to the medical department, and they diagnose me with heat exhaustion and order me off work for 3 days. It's all in the medical records here at SCI prison.

7. When I was housed in the Merit Building and worked in the kitchen up to 7/1/06. The policy was, if you are classify to work in the kitchen and refused or quit, you will received a class I write up and your points would increased and you will be moved to higher security building. After 7/1/06, the kitchen jobs was moved to the Medium Building, and in order to be on C or D tier, if inmate kitchen workers refuse or quit working, he would received a class I write-up and move to either to the hole, Maximum Security Building (MSB), or transfer to another prison.

8. On July 20, 2005, I was the first cook in charge of they contaminated beef cube steaks. I was there when defendant Adkins returned from the Pretrial building with the pan of beef cubes. As we torn open the cube steaks, we notice numerous of worms inside the meat. We put them in a sealed trashed can and place

them in the vegetable cooling walk-in, and then someone from the outside came and took them away. I never heard anything more on the beef cube steaks. There's no way someone could put **all them worms** into those beef cube steaks. The prison 404 incident report that was written by the DOC Food Staff here at the SCI prison confirmed the numerous of worms.

    9. The foregoing factual allegations create a geniune issue of material fact and will, if proved at trial, entitle me to judgment.

                                                   _____
                                                   James Johnson

    SWORN AND SUBSCRIBED before me this 10th day of June, @008.

                        _____
                                  Notary

JUDITH ANN LEDERMAN
NOTARY PUBLIC, STATE OF DELAWARE
My Commission Expires August 28, 2009

## CERTIFICATE OF SERVICE

I, James Johnson, hereby certify that I have served a true and correct copy of the attached Affidavit upon the following person/s below:

| NAME | STREET | CITY/STATE/ZIP |
|---|---|---|
| Catherine Damavandi; Deputy Attorney General Department of Justice | 820 N. French St | Wilm. Dela. 19801 |

By placing same in a sealed, postage pre-paid envelope and depositing same in the United States Mail at Sussex Correctional Institution, P.O. Box 500, Georgetown, Delaware 19947.

This 15 day of June, 08.

_James Johnson_

IM: James Johnson   BLDG: Merit West
SUSSEX CORRECTIONAL INSTITUTION   155123
P.O. BOX 500
GEORGETOWN, DELAWARE 19947

WILMINGTON DE 197
16 JUN 2008 PM 3 T

US District Court
Lock Box 18
844 N. King St
Wilm. Dela   19801