IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GEORGE A. JACKSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. 05-823-SLR |
| ) | |
| STANLEY TAYLOR, et al., ) | JURY TRIAL REQUESTED |
| ) | |
| Defendants. ) | |

TO:

    Catherine Damavandi
    Deputy Attorney General
    Departement of Justice
    820 N. French Street, 6th Fl.
    Wilmington, DE  19801

PLEASE TAKE NOTICE that plaintiff will presented a Declaration in Opposition, Statement of Disputed Factual Issues and a Response in Opposition to Defendants' Motion for Summary Judgment at the convenience of the Court.



George A. Jackson
Sussex Correctional Inst.
P.O. Box 500
Georgetown, DE   19947

DATED: 6/30/08

FILED
JUL - 2 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

DO scanned

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

GEORGE A. JACKSON, et al.,        )
                                  )
         Plaintiffs,              )
                                  )
    v.                            )    C.A. No. 05-823-SLR
                                  )
STANLEY TAYLOR, et al.,           )    JURY TRIAL REQUESTED
                                  )
         Defendants.              )

**DECLARATION IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

FILED JUL -2 2008 U.S. DISTRICT COURT DISTRICT OF DELAWARE

George A. Jackson declares under penalty of perjury:

1. I am a plaintiff in the above entitled case. I make this declaration in opposition to defendants' motion for summary judgment on plaintiffs claim that they were subjected to excessive and extreme temperatures on the "old-side" area of the SCI kitchen by the defendants.

2. The defendants' affidavits claim, in summary, that inmates are not force to worked in the kitchen, that inmates assigned to the SCI kitchen are trained by DOC Food Staff. They claim the kitchen is inspected by the state Board of Health to ensure compliance with health and safety standards, and that the DOC staff spend the majority of their time in the kitchen training and overseeing the inmate staff, and is working under the same conditions. They allege that I worked in the SCI kitchen between 12/27/01-6/28/06, and there's no record of pest infestation.

3. On November 30, 1992, I begin working at the SCI kitchen (only the "old-side" exist during that time.) under the supervision of Food Service Director Avery Harmon, Food Service Adminstrator Robert Wolfson, DOC Food Staff Supervisors Erika Dixon and Ruth Headley. Defendant Senato first begin working at the SCI kitchen in 1997 as a c/o cook. Defendant Senato had previously work at the Olive Garden Italian Restaurant in Dover. During the time of filing my grievance, I had the most experience and knowledge of the working conditions in the kitchen. **Refer**

to my deposition.

4. During all times relevant to the filing of this action, I work as the Head diet cook, plaintiff James Johnson was the morning shift 1st cook and plaintiff Roy Williamson was the afternoon shift first cook. Contrary to the defendants' affidavits, we were never trained by any of the named defendants in this action, and since we had already worked in the kitchen for numerous of years, it was our job description to trained inmate workers once they were assigned to our work area. See Jackson's Deposition, Affidavits of James Johnson, Darius Young, Charles Blizzard and Darwin Savage, Rique Reynolds and Carl Walker. *(Attached Exhibit)*

5. During all the years I work in the kitchen, all inspections from the outside occurred between the hours of 9:30 am to 11:30 am. At those hours the kitchen is shut down with no cooking equipment being used until the afternoon shift arrive after 11:30 am. when the inspection is over. See: Defendants Knight and Senato's Response to Plaintiff's Request for Production of Documents, Ex. B

6. During all times relevant to the filing of this action, DOC Food Staff spend most of their time in and out of the office. But when the condition are excessively hot & humid or extremely cold, DOC Food Staff spend majority of the shift in the climate control offices while we are exposed to those extreme temperature for entired shift. See Affidavits of James Johnson, Darius Young, and Charles Blizzard and Darwin Savage.

7. Despite the filing of the grievance and the filing of this action, both Defendants Senato and Knight never recorded the temperature-humidity index on the "old-side" kitchen compared to the "new-side kitchen area. See the depositions of Michael Knight and Christopher Senato that was held on September 25, 2007.

8. Despite providing preventive maintenance on the ventilation systems, the outdated exhaust hood ventilation system on the "old-side" does not adequately work as compared to the "new-side" exhaust hood ventilation system. A visable look at the unit and you will notice there are no swithes or control buttons to engaged

-2-

the unit to be turn on or off. An air condition is not needed, a adequate exhaust hood ventialtion system as the one installed on the "new-side" kitche area would be practical in cooling the "old-side" kitchen area during the the summer heat wave. See Plaintiff Jackson's deposition

9. Through the years I have worked in the kitchen, I have experience numerous of symptons from working in excessive heat and extreme humidity as I have stated in my my response to Defendants' Interrogatories. There were old inmate workers and some inmate workers who had chronic medical condition (HIV, asthma and dietibic) but had to work under these "bad" condition. In fact, there has been atleast two (2) DOC Food Service Staff that I know quit as an employee due to the extreme temperature in the "old-side" kitchen area. (Counselor Mary Hudson and Lora Bulter)

10. I personally know that both east and west alcove doors was not self-closing until inmate Joshua Hudson had an injury to his fingers after the filing of this action. The maintenance crew would later install self-closing arms to the doors between 2006-07. There were persistent pest infestation in the kitchen, and contrary to Defendant's Senato Affidavit, in Defendants Michael Knight and Chris Senato's Response to Plaintiff's Request for Production of Documents, Exhibit B, D00031, SCI was cited for pest infestation.

11. I properly exhausted the administrative remidies in according to the DOC prison system's own grievance procedure number 4.4, page 3 of 7:

> 8. Inmates are prohibited from submitting more than one grievance arising from a single incident.

12. The grievance gave prison officials fair notice of the claims of the inmate kitchen workers by complying with the requirements under DOC's own procedures. The grievance was filed on behalf of inmate kitchen workers, and was not rejected by any prison personnel. Defendants Taylor, Talley and Anson's Responses to Plaintiffs' Interrogatories, Bates stamped D000001-D000008;Also see

-3-

Defendant Taylor's Response to Plaintiff's Request for Admissions.

13. When the temperature-humidity index raises, the floor area in the "old-side" kitchen area remains wet and slippery, causing inmate kitchen workers to constantly slip while walking, and some ocassional falls have been reported. **See Attached Affidavit of Darius Young.**

14. Contrary to defendants affidavits, defendants have known about the defective exhaust hood ventilation system on the "old-side" kitchen for many years prior to the filing of this action, and they have continued to order and forced inmates to work on the "old-side" kitchen area with the known defective equipment.

15. The foregoing factual allegations create a genuine issue of material fact and will, if proved at trial, entitle plaintiff to judgment, as explained in the brief submitted with this declaration.

**Pursuant to 28 U.S.C. § 1746,** I declare under penalty of perjury that the foregoing is true and correct.

George A. Jackson #00171250

6/30/08
Date

## CERTIFICATE OF SERVICE

I, George A. Jackson, hereby certify that I have served a true and correct copy of the attached   Said Documents   upon the following person/s below:

| NAME | STREET | CITY/STATE/ZIP |
|---|---|---|

Catherine Damavandi
Deputy Attorney General
820 N. French Street
Wilmington, DE 19801

By placing same in a sealed, postage pre-paid envelope and depositing same in the United States Mail at Sussex Correctional Institution, P.O. Box 500, Georgetown, Delaware 19947.

This 30th day of June, 08.

George A. Jackson