IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GEORGE A. JACKSON, | : | |
| Plaintiffs, | : | |
| v. | : | C.A. No. 05-823-SLR |
| STANLEY TAYLOR, et al., | : | JURY TRIAL REQUESTED |
| Defendants. | : | |

FILED
JUL - 2 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

PD scanned

PLAINTIFF GEORGE A. JACKSON'S RESPONSE IN
OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff, George A. Jackson hereby respond in opposition to defendants' motion for summary judgment. In support of that opposition, Plaintiff Jackson state the following:

1. Defendants' motion for summary judgment fails to satisfy their burden under the standards of summary judgment and cruel and unusual punishment under the Eighth Amendment and Fourteenth Amendment.

2. Under this Court's standards for reviewing a motion for summary judgment, defendants must establish that "the pleadings, deposition, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The affidavits of the plaintiff and the defendants are squarely contradictory as to whether the "old-side" exhaust ventilation hood system inadequate as compare to the "new-side" ventilation system, whether the extreme temperatures on the "old-side" kitchen area is the result of the outdoor environment or inadequate exhaust ventilation hood system on the "old-side" kitchen area, whether there was a known dangerous and unsantiary working conditions on the "old-side" kitchen area, whether the working conditions "objectively, sufficiently serious" and whether inmate kitchen workers who was ordered to work

under the extreme conditions on the "old-side" kitchen had any viable options, and whether the extreme work conditions poses a substantial health risk to the inmate kittchen workers and the prison population. The allegations in the plaintiff's affidavits portray a gross neglect of the health and well- being of the inmate kitchen workers which creates an intolerable an unconstitutional work conditions which persists on the "old-side" kitchen, including the breakroom, bathroom and trayroom area. Despite filing the institutional grievance and this action, Defendants Debbie Melvin and Steven Raynor agree that the extreme conditions at the work place has **not** change. **Plaintiff George A. Jackson's Written Depositions to Depose Defendant Debbie Melvin and Steven Raynor**. There is clearly a genuine issue of fact.

3. The factual dispute is also material. Under the governing law, whether known dangerous prison working conditions can give rise to an Eighth Amendment depends on if defendants, with deliberate indifference, ordered or assigned plaintiffs to continue to work in the "old-side" kitchen area with known defective or inadequate exhaust hood ventilation system, which was "objectively, sufficiently serious" and the orders and assignment were deliberate indifference to plaintiff. **Helling v. McKinney**, 509 U.S. 25, 34-35 (1993); and **Saucier v. Katz**, 533 U.S 194, 201 (2001). The facts alleged by the plaintiff are evidence that the defendants conduct violated the plaintiff constitutional rights, and the defendants were on notice that there conduct were unconstitutional.

4. The affidavits of the plaintiff and the defendants are squarely contradictory as to certain health ailments resulting from working under extreme temperatures. Every summer during the summer heat wave, every inmate kitchen worker that is confined to work in the "old-side" kitchen area is at high risk for heat stroke and even death. And for the defendants to alleged that no inmate has been serious injured from the extreme conditions, is more evidence of a callous disregard for inmate kitchen workers health and safety.

5. Plaintiffs filed this action seeking class status on behalf of all individuals who have been committed to the custody of the DDOC and who have been, are now, or in the future will be, classified to work at the main kitchen unit at SCI. All named plaintiffs sought to certify the action as a class action as defined above. PLRA doesn't alter FRCP 23 Class Certification analyis, and the action should remained as being filed as seeking class certfification.

6. Defendants cannot satisfy their burden of proving that plaintiff Jackson failed to exhaust his grievance in their summary judgment. First, the defendants argued that Jackson grievance was not adequate to exhaust the exhaustion requirements of the DOC Procedure 4.4, because each inmate would have to file a seperate grievance on the issue. However, the applicable 4.4 page 3, no. 8, clearly indicate that "Inmates are prohibited from submitting more than one grievance arising from a single incident." See Defendants' Reply in Support of Motion to Amend the Answer, Exhibit "A".

7. Plaintiff properly exhausted his adminstrative remedies and gave prison officials fair notice of the his claims. Prison litigation Reformed Act ("PLRA") provides:

> No action shall be brought with respect to prison conditions under [28 U.S.C. § 1983] ... by a prisoner ... until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Under this provison, an inmate may not sue prison officials in federal court unless the inmate has first filed an adequate grievance in accordance with the prison system's own grievance procedures. Woodford v. Ngo, 126 S. Ct. 2378, 2386 (2006). These procedures are the exclusive "yardstick" for determining the adequacy of the grievance. Spruill v. Gillis, 372 F.3d 218, 232 (3d Cir. 2004).

If the grievance "contain[s] everything that [the prison system] instructed," then prison officials "can't complain that he failed to do more." <u>Strong v. David</u>, 297 F.3d 646, 650 (7th Cir. 2002). Defendants concede this exhaustion analysis.

    8.   The defendants argued that because plaintiff Jackson was the only one to filed a grievance regarding the extreme temperature conditions of the kithen, the remaining Plaintiffs failed to exhaust their administrative remedies. Id. <u>Defendants' Memorandum of Points and Authorities in Support of Their Motion for Summary Judgment</u>, page 11, no. 31. The defendants reasoning simply ignored <u>Spruill</u>. In **Spruill**, the Court noted the Pennsylvania DOC's very specific instructions to inmates in its grievance policy:

> The inmate **shall** include a statement of the facts relevant to the claim. The text of the grievance shall be legible, presented in a courteous manner, and the statement of facts shall not exceed two (2) pages. The inmate should identify any persons who may have information that could be helpful in resolving the grievance. The inmate should also include information on attempts to resolve the matter informally. The inmate may also specifically state any claims he/she wishes to make concerning violations of Department directives, regulations, court orders, or other law. The inmate **may** include a request for compensation or other legal relief normally available from a court.

**Id.** at 233 (quoting Pennsylvania DOC priso policy DC-ADM 804)(emphasis added).

Taking this language as its "yardstick," this Court held that the inmate's failure to request monetary relief in his grievance was consistent with the grievance procedures because the procedures by their plain terms made this request optional. On the other hand, the inmate's failure to identify one of the defendants in the grievance did run afoul of the procederes, because the procedures expressly stated that the inmate "**shall** include a statement of facts relevant to the claim." and identity of the defendant was one of these facts. **Id.** at 234 (emphasis added).

    Notably, the Defendants offer the Court **no evidence** of DOC's procedures,

but instead conducted an abstract inquiry that has no connection to the **Spruill** decision or the DOC's procedures.

However, the applicable DOC's grievance procedures 4.4 states "Inmates are prohibited from submitting more than one grievance arising from a single incident. See <u>Defendants' Reply in Support of Motion to Amend the Answer</u>, attached Exhibit A. It is undisputed in this case that Jackson's grievance was filed from a single incident, inadequate ventilation system at the kitchen. In sum, Jackson complied with all of the DOC's procedures for the grievance. He described that "[kitchen] workers are constantly experiencing daily symptoms of heat exhaustion from the deprivation of adequate ventilation." See <u>Defendants Taylor, Talley and Anson's Responses to Plaintiff's Admissions</u>. Jackson's grievance as reviewed in the documents attached as Bates stamped D00001-D00008. Because Jackson's grievance complied with therquirements for DOC's grievance procedure, he properly exhausted, and put prison officials on "notice" of the claims ultimately asserted in this action. Prison officials "can't complain that he failed to do more." **Strong**, 297 F.3d at 650. See <u>Response to Plaintiffs Request for Admissions</u>

        9. Defendants claim that, the DOC Food Service Staff, the SCI Maintenace crew and outside vendors have taken steps to clean and maintain the ventilation system at the SCI kitchen. See <u>Exhibit 1, Affidavit of Christopher Senato</u>, ¶ 7. However, defendants argument ignores that there's two (2) ventilation systems at the SCI kitchen. The "old-side" exhaust hood ventilation system is outdated, old and basically have not work properly work since 1996-97. Whereas the "new-side" exhaust hood ventilation works efficiently since installed in 1997. See <u>George Jackson's Oral Deposition.</u> To contrary of Defendant Senato's Affidavit, when defendants Melvin, Raynor and Manuel was depose with written questions as to whether the extreme temperature conditions have change since the filing of the grievance and the lawsuit, their response indicates that the condition has not been remedy. See <u>Plaintiff George A. Jackson's Written Depositions to depose Defendant Debbie Melvin, Steven Raynor and Robert Manuel.</u> Thus, there remained

a factual issue as to whether the defendants knew the "old-side" ventilation system is defective, but still ordered and assigned inmates to work under the extreme conditions.

10.  Defendants' motion for summary judgment fails to satisfy their burden under the summary judgment standards. As such, plaintiff George A. Jackson respectfully request that the Court deny defendants motion for summary judgment.

*/s/ George A. Jackson*
George A. Jackson
Sussex Correctional Inst.
P.O. Box 500
Georgetown, DE 19947

6/30/08

