IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GEORGE A. JACKSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) C.A. No. 05-823-SLR |
| | ) |
| STANLEY TAYLOR, et al., | ) JURY TRIAL REQUESTED |
| | ) |
| Defendants. | ) |

### PLAINTIFF GEORGE A. JACKSON'S STATEMENT OF DISPUTED FACTUAL ISSUES

FILED JUL - 2 2008 U.S. DISTRICT COURT DISTRICT OF DELAWARE

BP Scanned

Defendants have moved for summary judgment on the plaintiffs' claims of inadequate ventilation system on the "old-side" area of the SCI kitchen. The Plaintiff submitts the following list of material fact that denial of Defendants' Summary Judgment motion.

    1. Whether the plaintiff were subjected to extreme temperatures on the "old-side" kitchen area, whereas the "new-side" kitchen area did not subjected inmate workers to the same extreme temperatures.

    2. Whether the extreme temperature on the "old-side" area pose a serious health risks to inmate kitchen workers and the prison population.

    3. Whether the extreme temperature on the "old-side" area are the results of an defective exhaust hood ventilation systems, or the sole result of the summer heat wave.

    4. Whether the working conditions at the "old-side" kitchen area are "objectively, sufficiently serious."

    5. Whether plaintiff were force to work under the defective condition, or whether plaintiff had any viable options.

    6. Whether Plaintiff properly exhausted his administrative remedies under the DOC grievance procedure 4.4.

7. Whether plaintiff grievance gave prison officials "fair notice" of his claims.

8. Whether the "old-side" ventilation system was maintained and operated as to ensure the required protection by maintaining a volume and velocity of exhaust air sufficient to gather dust, fumes, vapors, or gases from the said commericial cooking equipment, and to covey them to suitable points of safe disposal, thereby preventing their dispersion in harmful quantities into the atomshere where inmate employees work.

9. Whether the constant exposure to the risk of heat stroke, lack of air flow, dehydration, hazardous floor area, and limited use of toilet facility subject plaintiff to cruel and unusual conditions at the work place.

10. Whether one (1) toilet seat for 22-25 inmates to share is could contribute to cruel and unusual punishment when inmates are order to drink plenty of water when theres only one (1) toilet seat per 25 inmate workers.

11. Whether there was pest infestation at the SCI kitchen.

George A. Jackson

DATED: 6/30/08