IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GEORGE A. JACKSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C. A. No. 05-823-SLR-LPS |
| | ) | |
| STANLEY TAYLOR, et al., | ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY BRIEF
IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

 

**DEPARTMENT OF JUSTICE
STATE OF DELAWARE**

/s/ Catherine Damavandi
Catherine Damavandi (ID # 3823)
Deputy Attorney General
State of Delaware
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for State Defendants

July 11, 2008

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES…………...……………………………………………….3

STATEMENT ON PRESENT PROCEEDINGS………………………………………4

STATEMENT OF FACTS……………………………..………………………………4

ARGUMENT……………………………………………...……………………………4

I.   SCI KITCHEN CONDITIONS CONFORM
     TO THE HEALTH AND SAFETY STANDARDS
     OF REGULATED FOOD ESTABLISHMENTS
     IN THE STATE OF DELAWARE………………………………………………..5

II.  PLAINTIFFS FAIL TO ALLEGE ANY
     "SUFFICIENTLY SERIOUS" DEPRIVATIONS
     TO ESTABLISH A *PRIMA FACIE*
     42 U.S.C. §1983 VIOLATION…………...…………………………………….6

CONCLUSION…………………………………………………………………...9

## **TABLE OF AUTHORITIES**

CASES

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)……………………………………....5

*Carter v. Exxon Company USA*, 177 F.3d 197 (3d Cir. 1999)……………………………….4

*Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970 (1994)……………………………….......6

*Haley v. Wal-mart*, 84 Empl. Prac. Dec. P 41,398, 2001 WL 34105467……………….6,7

*Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995 (1992)………………………………….5

*Lewis v. Casey*, 518 U.S. 343, 349, 116 S.Ct. 2174 (1996)……………………………….6

*McCray v. Williams*, 357 F.Supp.2d 774 (D.Del.2005)………………………………......6

*Scott v. Harris*, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007)……………………………….5,8

*Seawright v. Woods*, 2006 WL 694780 (D.Del. 2006)………………………………….5,6

*Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321 (1991)...………………………………..5


STATUTES

Fed. R. Civ. P. 56………………………………………………………………………*passim*

42 U.S.C. §1983……………………………………………………………………….*passim*

Delaware Food Code, §5-203.12………………………………………………………………8

Delaware Plumbing Code §2.24.6.5 IPC2003………………………………………….....8

## STATEMENT ON PRESENT PROCEEDINGS

On May 19, 2008, Defendants moved for summary judgment and served their Opening Brief. D.I.260, 261. Only a handful of the twenty-six remaining Plaintiffs in this case responded. D.I.264, 265, 266, 270, 271, 278, 272, 275, 276, 277. Those Plaintiffs were Darwin Savage, Darus Young, James Johnson, Rique Reynolds, Carl Walker, and George Jackson.

This is the Defendants' Reply Brief, collectively responding to Plaintiffs' Opposition to the Motion for Summary Judgment.

## STATEMENT OF THE FACTS

Defendants incorporate, as if fully set forth herein, the facts as stated in their Memorandum of Points and Authorities in Support of their Motion for Summary Judgment (D.I.261).

## ARGUMENT

Defendants have proven that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that [they are] entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Therefore, Defendants have met the standards of Rule 56(c) and summary judgment is appropriate. *See Carter v. Exxon Company USA*, 177 F.3d 197, 202 (3d Cir. 1999).

### STANDARD OF REVIEW

To obtain summary judgment, a moving party must demonstrate that he has met the standards of Rule 56(c). *Carter* at 202. "The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for

summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original). Rather, only disputes that affect the outcome of a lawsuit properly preclude the grant of summary judgment. *Id.* Further, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007). Accordingly, this Court should grant judgment in favor of Defendants as a matter of law, as the record supports their motion for summary judgment.

I. **SCI KITCHEN CONDITIONS CONFORM TO THE HEALTH AND SAFETY STANDARDS OF REGULATED FOOD ESTABLISHMENTS IN THE STATE OF DELAWARE.**

"A condition of confinement violates the Eighth Amendment only if it is so reprehensible as to be deemed inhumane under contemporary standards or such that it deprives an inmate of a minimal civilized measure of the necessities of life." *Seawright v. Woods*, 2006 WL 694780, *2 (D.Del. 2006), citing *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

In their responses to Defendants' Motion for Summary Judgment, Plaintiffs make vague, anecdotal claims that the SCI Kitchen working conditions are unsafe. Plaintiffs cannot overcome the glaring fact that SCI Kitchen is regulated by the Delaware Board of Health as a restaurant establishment, and is compliant with their health and safety standards.[1]

---

1 This compliance standards is more fully described in Exhibits 1 and 3 of Defendants' Memorandum of Points and Authorities (D.I.261).

The State Board of Health is an independent agency from the Delaware Department of Correction. SCI Kitchen's annual passing grade from this entity demonstrates that it maintains "contemporary standards" of safety and sanitation that are identical to other commercial restaurant establishments in the State of Delaware. Plaintiffs have produced no credible evidence to contradict the authority and validity of this regulatory agency. Accordingly, summary judgment should be granted in favor of the Defendants.

## II. PLAINTIFFS FAIL TO ALLEGE ANY "SUFFICIENTLY SERIOUS" DEPRIVATIONS TO ESTABLISH A *PRIMA FACIE* 42 U.S.C. §1983 VIOLATION.

"When an Eighth Amendment claim is brought against a prison official, it must meet two requirements: (1) the deprivation alleged must be, objectively, sufficiently serious; and (2) the prison officials must have been deliberately indifferent to the inmate's safety and health." *Seawright* at *2, citing *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Plaintiffs fail to allege an actual injury. "Actual injury is a prerequisite to any claim under §1983." *McCray v. Williams*, 357 F.Supp.2d 774, 780 (D.Del.2005)(citing *Lewis v. Casey*, 518 U.S. 343, 349, 116 S.Ct. 2174, 2179 (1996)). The requirement of actual injury "derives ultimately from the doctrine of standing." *Lewis at 349, 2179*.

Plaintiffs are paid workers at the SCI Kitchen. They earn an hourly wage for their efforts, and receive the added benefits of job training and job experience. The conditions complained of by Plaintiffs are descriptions one would expect from an employee of a commercial restaurant. See, e.g., *Haley v. Wal-mart*, 84 Empl. Prac. Dec. P 41,398, 2001

6

WL 34105467, *1 (D.Mass)(Restaurant workers were given occasional free drinks "because of the intense kitchen heat.") Plaintiffs' complaints about the SCI Kitchen fall into the following categories: excessive heat and cold, adequacy of restroom facilities, and cleanliness of the kitchen.

### A.     Heat and Cold

Delaware's Board of Health does not mandate air-conditioning in restaurant kitchens. *See Exhibit 3 of D.I.261*. Plaintiffs do not dispute that SCI Kitchen has numerous fans for cooling and ventilation purposes.

While a gaggle of inmate kitchen workers signed on to this lawsuit in 2005, not one Plaintiff has demonstrated a specific injury resulting from these unsafe kitchen conditions. *See Exhibit 1, Summary of all Plaintiff Responses to Interrogatory Question on Injuries*. At best, Plaintiffs state that they worked in hot conditions and had to drink more water. This, however, does not rise to a "sufficiently serious" deprivation that violates the Eighth Amendment.

For example, while Plaintiff James Johnson stated in his Interrogatory that he suffered from "heat exhaustion, mental anguish, pain discomfort, humiliation, embarrassment and severe eye problem" (D.I.169; excerpted at Exhibit 1), he now admits in his affidavit that his incident occurred in 2002. This incident is outside of the statute of limitations to this lawsuit ("in 2002 I became so hot and over heated that I was sent to the medical department, and they diagnose me with heat exhaustion and order me off work for 3 days."). D.I.266,¶6. None of the Plaintiffs produced grievances pertaining to injuries from kitchen conditions.

7

In the Affidavit of Darus Young (D.I.265), this Plaintiff states that the kitchen temperatures were about 50 degrees higher than the outside temperature. D.I.265 at ¶7. In the summertime, he claims he was subjected to extreme temperatures that sometimes reached 140 degrees. *Id.* "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007). Notwithstanding the fact that working in 140 degree temperatures is physically impossible for an extended period of time, Plaintiff Young does not concede that the winter temperatures would therefore be 50 degrees warmer indoors at SCI Kitchen, nor does he allege any specific injuries from these extreme temperatures.

### B.    Adequate Restroom Facilities

Plaintiffs claim that the single restrooms for 25 inmate workers at SCI Kitchen is insufficient. The Delaware Food Code, §5-203.12 states that "[a]t least 1 toilet and not fewer than the toilets required by law shall be provided." The Delaware Plumbing Code mandates that restaurant facilities must have one restroom for every 75 persons. 2.24.6.5 IPC2003. Therefore, the conditions at SCI Kitchen are objectively *more favorable* than the conditions established by law, and do not violate the Eighth Amendment.

### C.    Cleanliness of SCI Kitchen

Plaintiffs allege that SCI kitchen was not properly cleaned until inspectors were on their way. It is ironic that these inmates adamantly demand a clean working environment, because the responsibility of clean-up and sanitation lie squarely on their shoulders. Inmate kitchen workers are responsible for scouring the kitchen at the end of

their shift. This "harm," even if taken in the light most favorable to the Plaintiff, cannot be attributed to the DOC kitchen staff.

Plaintiffs make other fanciful claims, such as the floors being so wet because of the heat and humidity in the facility. Inmate workers could easily remedy this condition with a mop. Plaintiffs cannot be excused from undertaking minimal actions to protect their own safety; their complaints about the wet floor allude to an expectation that the DOC Kitchen Staff should perform some of the inmates' assigned tasks.

Finally, Plaintiffs reference two isolated incidents of foreign objects in the food prepared at SCI Kitchen: worms in the beef cube steak in 2005 (D.I.266) and a fly in a hotcake in 2008 (D.I.272). Both of these isolated incidents were determined to be food tampering. *See Exhibit 2, Second Affidavit of Michael Knight.* This food tampering points to deliberate contamination of food products at SCI Kitchen. Even with the best supervision at SCI Kitchen, the DOC Kitchen Staff cannot prevent all inmate kitchen workers from tampering with the food that goes out to the general prison population.

## CONCLUSION

For the above reasons, Defendants respectfully request that summary judgment be granted judgment in their favor on all claims, pursuant to Rule 56.

Respectfully submitted,

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Catherine Damavandi_____
Catherine Damavandi (ID # 3823)
Deputy Attorney General
State of Delaware

Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for State Defendants

July 11, 2008

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GEORGE A. JACKSON, et al.,    ) | |
| ) | |
| Plaintiffs,    ) | |
| ) | |
| v.    ) | C. A. No. 05-823-SLR-LPS |
| ) | |
| STANLEY TAYLOR, et al.,    ) | JURY TRIAL REQUESTED |
| ) | |
| Defendants.    ) | |

*CERTIFICATE OF SERVICE*

I hereby certify that on July 11, 2008, I electronically filed *Defendants' Reply Brief* with the Clerk of Court using CM/ECF. I further certify that on July 11, 2008, I caused the within document to be mailed by United States Postal Service to the non-registered parties on the attached list.

/s/ Catherine Damavandi
Catherine Damavandi, ID#3823
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
catherine.damavandi@state.de.us

*List of Non-Registered Parties*

Charles Blizzard
SBI #166670
SUSSEX CORRECTIONAL INSTITUTE
P.O. Box 500
Geogetown, DE 19947

Roderick Brown
SBI# 315954
SUSSEX CORRECTIONAL INSTITUTE
P.O. Box 500
Georgetown, DE 19947

John F. Davis
SBI #263753
16513 Coastal Hwy
Lewes, DE 19958

Lawrence B. Dickens
SBI #124570
Sussex Correctional Center
P.O. Box 500
Georgetown, DE 19947

Jerome Green
SBI# 147772
SUSSEX CORRECTIONAL INSTITUTE
P.O. Box 500
Georgetown, DE 19947

George A. Jackson
SBI #171250
SUSSEX CORRECTIONAL INSTITUTE
P.O. Box 500
Georgetown, DE 19947

James Johnson
SBI 155123
SUSSEX CORRECTIONAL INSTITUTE
P.O. Box 500
Georgetown, DE 19947

Samuel Jones
SBI# 465297
SUSSEX CORRECTIONAL INSTITUTE
P.O. Box 500
Georgetown, DE 19947

Timothy L. Malloy
SBI #171278
SUSSEX CORRECTIONAL INSTITUTE
P.O. Box 500
Georgetown, DE 19947

Anthony Morris
SBI# 300363
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Howard Parker
SBI # 165324
SUSSEX CORRECTIONAL INSTITUTE
P.O. Box 500
Georgetown, DE 19947

Eldon Potts
SBI# 211193
22602 Piney Branch Court
Lincoln, DE 19960

Rique Reynolds
SBI# 266486
SUSSEX CORRECTIONAL INSTITUTE
P.O. Box 500
Georgetown, DE 19947

Charles B. Sanders
SBI #160428
SUSSEX CORRECTIONAL INSTITUTE
P.O. Box 500
Georgetown, DE 19947

Darwin A. Savage
SBI #232561
SUSSEX CORRECTIONAL INSTITUTE
P.O. Box 500
Georgetown, DE 19947

Jose Serpa
SBI# 350322
SUSSEX CORRECTIONAL INSTITUTE
P.O. Box 500
Georgetown, DE 19947

Kevin Spivey  
SBI# 258693  
SUSSEX CORRECTIONAL INSTITUTE  
P.O. Box 500  
Georgetown, DE 19947  

Vernon Truitt  
SUSSEX CORRECTIONAL INSTITUTE  
P.O. Box 500  
Georgetown, DE 19947  

Joseph White  
SBI#082985  
SUSSEX CORRECTIONAL INSTITUTE  
P.O. Box 500  
Georgetown, DE 19947  

Gilbert Williams  
SBI# 137575  
SUSSEX CORRECTIONAL INSTITUTE  
P.O. Box 500  
Georgetown, DE 19947  

Adrian Wright  
SBI #169921  
SUSSEX CORRECTIONAL INSTITUTE  
P.O. Box 500  
Georgetown, DE 19947  

Roger Thomas  
SBI #292590  
22249 Cubbage Pond Road  
Lincoln, DE 19960  

Carl Walker  
SBI #173378  
SUSSEX CORRECTIONAL INSTITUTE  
P.O. Box 500  
Georgetown, DE 19947  

Frank Williams  
SBI #261867  
SUSSEX CORRECTIONAL INSTITUTE  
P.O. Box 500  
Georgetown, DE 19947  

Roy R. Williamson  
SBI #291856  
SUSSEX CORRECTIONAL INSTITUTE  
P.O. Box 500  
Georgetown, DE 19947  

Darus Young  
SBI# 00282852  
SUSSEX CORRECTIONAL INSTITUTE  
P.O. Box 500  
Georgetown, DE 19947